## THE PEOPLE *ex rel.* Hiram G. Mace *vs.* ANDREW A. OLIVER, County Judge of Yates county.

A county judge acquires jurisdiction, in proceedings supplementary to execution, when an affidavit is presented to him setting forth the recovery of a judgment before a justice of the peace, for $25 or upwards, the filing of a transcript in the county clerk's office, the issuing of an execution to the sheriff of the county where the debtor resides, and its return unsatisfied in whole or in part.

When the affidavit to procure an order for the debtor to appear and be examined concerning his property is made, the judgment is a judgment of the county court; and all proceedings in reference thereto must be entitled in that court.

Hence, it is irregular to entitle the papers "In justice's court." But the irregularity does not render the proceedings void. The debtor should apply to set aside the proceedings because of the irregularity.

The jurisdiction of the court by which a judgment was rendered, and the regularity of its proceedings, cannot be assailed in proceedings supplementary to execution.

A judgment being docketed, and being for a sum larger than $25 and the ordinary costs in a justice's court, it will be presumed that such judgment was for an amount which authorized it to be docketed; especially as no provision is made for trying that question in the supplementary proceedings.

The People *v.* Oliver.

If the transcript was improperly filed, it is the duty of the debtor to move, in the county court, for relief against it.

It is not necessary that the order for a debtor to appear to be examined, in supplementary proceedings, should recite the facts requisite to confer jurisdiction; and the omission of such a recital does not impair the validity of the order.

A fine can be imposed on a debtor found guilty of a contempt, in supplementary proceedings, although the court does not adjudge that the misconduct of the debtor has produced actual loss or injury to the creditor, or was calculated to, or actually did, defeat, impair, impede or prejudice his rights or remedies. But when such an adjudication is not made, the fine is limited to the costs and expenses.

CERTIORARI to remove proceedings upon an attachment for a contempt, issued in proceedings supplementary to execution and all orders and papers on which the same was founded.

On the 13th December, 1871, an affidavit was presented to William S. Briggs, then county judge of Yates county, made by Alexander F. Whittaker, entitled as follows:

"In Justice's Court.

| Alexander F. Whittaker *vs.* Hiram G. Mace." |
| --- |

Setting forth, amongst other things, the recovery by the plaintiff of a judgment against said Mace in a justice's court, held by one John L. Lewis, in said county for the sum of $41.20, on the 22d Aug., 1871; that a transcript of said judgment was filed and judgment duly docketed in the office of the clerk of said county; that the defendant resided in said county, and that an execution against the property of said debtor had been duly issued to the sheriff of said county, and it was returned wholly unsatisfied. The affidavit contained, besides, the matters required by section 292 of the Code. ·

The county judge made an order reciting the facts stated in the affidavit, and requiring the debtor to appear before him at his office in Penn Yan, on the 14th

December, 1871, at ten o'clock in the forenoon, to answer concerning his property.

This order was duly served on the debtor, and at the time and place designated in said order he appeared before said county judge. The county judge, by an order then and there made, referred it to John T. Knox to take the examination of said debtor. The referee proceeded and took such examination in part, and at the request of the plaintiff's attorney, and with the assent of the defendant, further examination of the defendant was adjourned until the 16th December, 1871, at ten o'clock A.M. On the 16th December the defendant did not appear, to be further examined, but made default. Whereupon the referee reported the facts, and the default, to Andrew A. Oliver, Esq., who had been elected judge of said county of Yates, in the place of said William S. Briggs. The said county judge thereupon made an order, reciting the facts aforesaid, and directing that an attachment issue against the said debtor, as for a contempt, returnable before him at his office in Penn Yan. An attachment issued, and the debtor was arrested by virtue of it and brought before the county judge. Interrogatories were filed, and the debtor put in answers thereto, and affidavits were put in in reply on the part of the plaintiff in the judgment; and after due deliberation being had, the county judge adjudged the debtor to have been guilty of a contempt in not appearing before the referee in obedience to the order requiring such appearance, and he imposed upon the debtor a fine of $40, to be paid to the said plaintiff, for his costs and expenses in conducting said proceedings, and ordering him to be committed to the county jail, there to remain until he should appear before the referee to answer concerning his property.

The debtor procured to be issued a common law certiorari, directed to the county judge, requiring him to return to this court his proceedings upon said attach-

The People *v.* Oliver.

ment, and all orders and papers on which the same was founded and relating thereto.

The county judge made return to this writ, setting forth the facts above recited.

*Judd & Davis*, for the relator, cited *People ex rel. Williams* v. *Hurlburt*, (5 *How. Pr.* 447;) *Mills* v. *Marvin*, (19 *John.* 33;) *Loomis* v. *Bowers*, (22 *How. Pr.* 364;) *Williams* v. *Barnaman*, (28 *id.* 65;) *Code*, § 63; *Shultz* v. *Judges of Yates County*, (3 *Cowen*, 506;) *Dix* v. *Briggs*, (9 *Paige*, 597;) *Conway* v. *Hitchins*, (9 *Barb.* 378, 382;) *Hunt* v. *Dutcher*, (13 *How. Pr.* 538;) *Laws of* 1866, *ch.* 692, § 2; 1 *Gen. Stat.* 804; *Jessup* v. *Jones*, (32 *How. Pr.* 191;) *Bingham* v. *Disbrow*, (14 *Abb.* 251;) *Bolton* v. *Jacks*, (6 *Rob.* 166, 190;) 2 *Cowen & H. Notes*, 1016, 1017; *De Witt* v. *Dennis*, (30 *How.* 133;) 2 *R. S.* 538, §§ 20, 21; *Rugg* v. *Spencer*, (59 *Barb.* 383, 400;) *Code*, § 318; *Laws of* 1854, *ch.* 270, *p.* 592, § 3.

*Ralph T. Wood*, for the respondent, cited *Seeley* v. *Black*, (35 *How.* 369;) *Code*, §§ 176, 406; *Whitlock's case*, (1 *Abb.* 320;) *Baker* v. *Stephens*, (10 *Abb. N. S.* 1;) *Arctic Ins. Co.* v. *Hicks*, (7 *Abb.* 204;) *Rugg* v. *Spencer*, (59 *Barb.* 383;) *Scott* v. *Durfee*, (*Id.* 390, *note;*) *People ex rel. Kearney* v. *Kelly*, (22 *How.* 309.)

*By the Court*, MULLIN, P. J. The justice's judgment and the papers relating thereto were not before the county judge, nor was the transcript before him. He could not therefore return them; and in the absence of those documents it is impossible to pass upon the validity of either the judgment or the transcript.

The county judge acquires jurisdiction when an affidavit is presented to him setting forth the recovery of a judgment before a justice of the peace for $25 or upwards, the filing of a transcript in the county clerk's office, the issuing of an execution to the sheriff of the

county where the debtor resides, and its return unsatis-fied in whole or in part. The affidavit contains these facts, and is sufficient to confer jurisdiction, unless en-titling the affidavit and subsequent proceedings "in justice's court" renders them void.

When the affidavit to procure the order for the debtor to appear was made, the judgment was a judgment of the county court, and all proceedings in reference thereto must have been entitled in that court. It was therefore irregular to entitle the papers in justice's court, but the error does not render the proceedings void. The debtor should have applied to set aside the proceedings because of the irregularity. He cannot lie by and take advan-tage of it here for the first time, unless he is prepared to show that they are void because of the defect in their title.

The statute does not require that the creditor apply-ing for an order to examine his judgment debtor shall set out anything whatever in relation to the jurisdiction of the court by which the judgment was rendered. Sec-tion 292 proceeds on the assumption that the defendant has availed himself of all objections to the jurisdiction of the courts, and regularity of the proceedings; and they cannot be assailed in supplementary proceedings.

The judgment being docketed, and being for a sum larger than $25 and the ordinary costs in the justice's court, it will be presumed that the judgment was for an amount which authorized it to be docketed; especially as no provision is made for trying that question in the supplementary proceedings. If the transcript was im-properly filed, it was the duty of the debtor to move in the county court for relief against it.

The relator's counsel is mistaken in saying that it does not appear that any execution was issued against the debtor's property after the transcript was filed. It does appear that the execution was duly issued to the sheriff of Yates; as an execution from the justice's

court could not go to the sheriff, and there was no other court from which it could issue ; and it could not duly issue until after filing the transcript and docketing the judgment in the clerk's office.

The affidavit of the creditor, fairly construed, is that the execution was issued to the sheriff of the county in which the defendant resided when it issued. It was intended so to say, and it was so understood by those called upon to act upon it. It is true the word "resides" is used, being in the present tense, instead of the past tense. But I apprehend that such is the form of nearly all the affidavits used in supplementary proceedings.

The counsel finds fault with the recital, in the order, that execution had been issued "*on the judgment herein.*" He says, it is not true. I am unable to discover the falsity of it. The creditor's affidavit is that execution had been issued on the judgment rendered by the justice, and which had been docketed in the clerk's office. This is the judgment the order designates as "the judgment herein." There is no room for cavil on the subject.

If a recital of the facts necessary to confer jurisdiction were required to be set out in the order requiring the debtor to appear, they are fully and correctly recited in the order in question. But no such recital is necessary, in such an order. Section 292 of the Code declares what the order shall contain. And although the recitals of the contents of the affidavit of the creditor are uniformly set out in the order it is not necessary that they should be. They may be useful to the officer, but their omission does not impair the validity of the order.

The day on which the debtor should appear the second time before the referee, was agreed upon between the creditor's counsel, the debtor and the referee. Such an arrangement by parol is valid.

A contempt was clearly proved. The agreement, that the further examination of the debtor should be postponed until the 16th of December was denied by the debtor, but sworn to in positive terms by the creditor's attorney and the referee.

The relator's counsel is mistaken in saying that no fine could be imposed on the debtor found guilty of a contempt, unless the court should adjudge that the misconduct of the debtor had produced actual loss or injury to the creditor, or was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of the creditor. When such an adjudication is not made, the fine is limited to the costs and expenses, (*The People* v. *Compton*, 1 *Duer*, 512.)

The proceedings before the county judge must be affirmed and the certiorari quashed, with costs to be paid by relator.

Judgment accordingly.

[Fourth Department, General Term, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]