GEORGE S. DIOSSY *et al.* Respondents, *against* OLIVER W. WEST, IMPLEADED, &C., Appellant.

(Decided June 16th, 1879.)

On motion to vacate an order of a judge of this court for the examination of a judgment debtor in proceedings supplementary to execution, based upon a judgment of the city court of Brooklyn, of which a transcript has been filed in New York county, the objection of the judgment debtor that the judgment was based upon a determination of a referee which was outside the issues referred to him cannot be considered.

Even if on such motion the judgment can be attacked, the court will not hold it void for want of jurisdiction of such court of the person of the judgment debtor, where it is shown that he appeared in the action, verified the answer and affidavit of merits, and testified as witness upon the trial.

*Fergvson* v. *Crawford* (70 N. Y. 255), distinguished.

APPEAL from an order made at special term denying a motion to vacate an order for examination of a judgment debtor and for other relief.

The facts sufficiently appear in the opinion.

*William L. Findley*, for appellant.

*E. New*, for respondents.

BEACH, J.—The supplementary and other proceedings sought to be vacated by the defendant's motion in the court below, from whose order this appeal was taken, are founded

upon the transcript of a judgment in the city court of Brooklyn, filed in the clerk's office of the city and county of New York. Neither the formal regularity of that transcript nor of the proceedings taken in this court by virtue of the filing are here questioned. The argument urged in behalf of the appellant affect only the judgment of the Brooklyn court, claimed void for want of jurisdiction, because the referee's report was outside the issue referred, and the defendants were not served with process within that city. The first objection cannot be raised on this appeal, and would properly have been presented by an appeal from the judgment of the city court. There is no statute conferring upon this court the authority to review the decisions of that tribunal. It is apparent from the record here that the judgment is unappealed from and unreversed. The other objection is answered by the unquestioned appearance in the action of the appellant, who verified the answer, affidavit of merits, and was a witness on the trial. In these respects the case at bar differs materially from *Ferguson* v. *Crawford* (70 N. Y. R. 255), where the defendant was allowed to show the judgment introduced to bind him was based upon a forged notice of appearance, and he never was served with process or appeared in the action. The latter case does not question the correctness of the decision in *Brown* v. *Nichols* (42 N. Y. R. 26), which holds that the judgment of the city court cannot be attacked in this collateral proceeding.

The authorities are numerous that the judgment could not be questioned in the supplementary proceedings, and there is no difference between so doing and making the motion to set them aside, though other relief is sought germain to that object in the case at bar. (*The People* v. *Oliver*, 66 Barb. 570; *O'Neil* v. *Martin*, 1 E. D. Smith, 404; *Courtois* v. *Harrison*, 1 Hilton, 109; *Saunders* v. *Hall*, 2 Abb. Pr. 418.)

The order should be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order affirmed.