OWEN L. JONES, Plaintiff, *v.* JOSEPH F. RETTIG, Defendant.

(County Court, Oneida County, January, 1917.)

Contempt — when contempt may be predicated — supplementary proceedings — judgments — default — separation.

A contempt of court may not be predicated upon anything except a violation of a specific direction of a judge or referee delivered personally to the respondent.

Where a judgment debtor, by a signed stipulation, pursuant to which his examination in supplementary proceedings is adjourned to a particular date, waives the direction of the referee to appear at the time and place of adjournment and agrees to appear thereat in person, but does not, and on motion to punish him for contempt it does not appear from the record that the referee ever adjourned the proceeding to the date fixed by the stipulation, although he convened at that time and took the judgment debtor's default, the motion will be denied.

MOTION to punish defendant for contempt in supplementary proceedings.

Pritchard & Deecke, for motion.

No appearance in opposition.

HAZARD, J. An order in supplementary proceedings was granted by me on November 22, 1916, returnable November twenty-fifth. On that day the defendant appeared before the referee. It does not appear that he was sworn, but, as the record shows, upon his request the matter was adjourned to December twenty-seventh. It seems that on the twenty-sixth of December the judgment-debtor appeared at the office of plaintiff's attorney and signed the following stipulation:

(Title of action) " It is hereby stipulated and agreed by the undersigned judgment-debtor in the above entitled proceeding that the hearing in this matter set down for 10 A. M. December 27th, 1916, 32 Utica City National Bank Building, Utica, N. Y., before E. Earl Jones, Referee, be adjourned to 10 A. M. December 30th, 1916, at the same place, and the undersigned hereby waives direction of said referee to appear at said last mentioned time and place, and agrees to appear at said last mentioned time and place in person." (Signed) Joseph F. Rettig, judgment-debtor. This instrument was also acknowledged before a notary public. On the thirtieth of December defendant failed to appear, and this motion is made to punish him as for a contempt of court because of such failure.

It will be observed that no directions to appear upon the date when default was taken were made by the court or, by the referee, but the judgment-creditor's attorneys insist that it is inferentially a contempt of the court's order, and cite as authority for the proposition Bradn. Supp. Pro. (2d ed.) 197; *Parker v. Hunt,* 15 Abb. 410; *People ex rel Mace v. Oliver,* 66 Barb. 570. Incidentally, the dictum in Bradner is founded upon the case of *Parker* v. *Hunt.* I do not think that case is to be regarded as authority for the order asked herein. It was decided in the year 1863, and at that time the authority for punishment for contempt was found in section 302 of the " Code of Procedure," which read: " If any person, party or witness disobey an order of the judge or referee, duly served, such person, party, or witness may be punished by the judge as for a contempt." *People* v. *Oliver* was decided in 1873 when the same Code provision was, I think, in force. In the latter case it is not at all clear whether the adjournment in question by agreement, was made in the

absence of the defendant, but we will assume that it was.

Section 302 has long since been abrogated, and the authority for punishing for contempt is now found in section 2457 of the Code which provides: "A person who refuses, or without sufficient excuse neglects, to obey an order of a judge or referee, made pursuant to the last two sections, or to any other provision of this article, and duly served upon him, or an oral direction, given directly to him by a judge or referee, in the course of the special proceedings * * * may be punished by the judge * * * as for a contempt." This language is plain and explicit, and differs considerably from that of the old section 302. According to our present law, as above quoted, it seems to me clear that a defendant in supplementary proceedings can be punished only for a violation of an order, either oral or in writing, given to him by a judge or referee. In the present case all he has violated is his stipulation — his own agreement. No official had ever directed him to appear before the referee on December thirtieth. It does not appear from the record that the referee ever adjourned the proceedings to December thirtieth, although he convened at that time pursuant to the stipulation, and took a default. I do not believe that this defendant can or at least should be punished as for a contempt of court simply for failing to do as he agreed. Proceedings of this nature are drastic in their character and may, and often do, result in the imprisonment of the defendant. I do not believe that a contempt should be predicated upon anything except a violation of a specific direction of a judge or referee, delivered personally to the defendant. The application must, therefore, be denied.

Application denied.