## WEEKS *a.* SMITH.

*Supreme Court; Brooklyn Special Term, September,* 1856.

### CRIMINAL CONTEMPT.—DISOBEDIENCE OF ORDER.

The power of the court to punish, as for a criminal contempt, " wilful disobedience of any process or order lawfully made by it," should not be exercised unless the acts constituting the alleged contempt are clearly proved, and constitute a positive violation of the plain terms of the process or order.

If the order disobeyed be capable of a construction consistent with the innocence of the party, of any intentional disrespect to the court, an attachment should not be granted.

Application for an attachment.

This action was brought by Harriet Weeks against James W. Smith and Alfred Wild, and Jerome Ryerson, sheriff of Kings county.

The plaintiff at a previous day in the present September term, moved on an order to show cause containing a temporary stay till the decision of her motion, for an injunction to restrain defendants from taking certain property claimed by plaintiff. The sheriff had levied on that property by virtue of a judgment and execution in favor of Wild against Smith, and all the defendants claimed that Smith owned the property, and that it was liable to sale on the execution. The plaintiff also claimed that the judgment, which was entered by confession without action, was fraudulent and void, and prayed that it be so declared and be set aside. The motion

was opposed on affidavits, and on the 3d of September the injunction was denied, with costs. From the order denying the injunction plaintiff appealed to the general term.

After the appeal was brought, and on September 6, she obtained an order returnable at this time, requiring defendants to show cause why an order should not be made "staying the proceedings of the defendants, under the order dissolving the injunction, until a decision be had on the appeal." That order contained the following clause: "And until a decision be made on this order, let all proceedings by the defendants under said order, and of the sheriff of the county of Kings in this action, be stayed." This order was made upon the 6th day of September, and was served upon the defendants just as the sheriff's deputies were commencing to remove the property under the execution of Wild *a.* Smith. The sheriff on receiving the order, declined to treat it as a stay of proceedings on that judgment and execution, and proceeded to remove the goods claimed by plaintiff. Upon proof of such removal, and of the service of the order, plaintiff now moves that the defendants be attached for a contempt in violating the order, and also moves for a stay till the hearing upon the appeal.

*N. F. Waring*, for the motion.

*J. L. Campbell*, opposed.

BIRDSEYE, J.—By 2 Revised Statutes, 278, section 10, this court has power to punish as for a criminal contempt "persons guilty of wilful disobedience of any process or order lawfully made by it." This proceeding being criminal in its nature, the acts constituting the alleged contempt must not only be clearly proved, but they must be a positive violation of the plain terms of the process or order of the court. The act for the commission of which punishment is invoked must be one which the court has expressly forbidden. The disobedience complained of must be "wilful." If the order be ambiguous or doubtful, or fairly capable of a construction which will consist with the person's innocence of any intentional disrespect to the court, I think the court should not interfere to

punish for a contempt. Otherwise, this most salutary remedy which was intended, and should be used, only to maintain the dignity and efficiency of the court, might degenerate into a trap to catch the unwary and vex and annoy the innocent.

Testing this motion for an attachment by these plain principles, the application must be denied. The order appealed from, merely denied with costs the plaintiff's motion for an injunction, and dissolved a temporary stay of proceedings obtained during the pendency of the motion. The appeal from that order did not have the effect to revive the injunction. (See Johnson v. Scriver;* Bacon v. Reading, 1 *Duer*, 622). This the plaintiff admits by obtaining the order of September 6th.

This last order was obtained solely upon the affidavit of a clerk of plaintiff's attorney, that the appeal had been taken, to the general term. Upon that there was possibly some ground for making the order of September 6th, staying the proceedings on the order appealed from. But when the court had heard the motion for the injunction on the merits, and denied it, the mere fact of an appeal being taken from that denial was no ground whatever for granting the injunction just before refused. The evils from the too frequent granting of injunctions have been already forced on the attention of courts and judges. But to give to an appeal from the order refusing an injunction, any such weight as is here claimed, or to make that fact alone the basis of granting an injunction denied to the party on the merits, would be opening a door to much greater abuses.

The order of September 6th was therefore with propriety expressly limited to a mere prohibition of any proceedings by the defendants in this action, under the order appealed from. It did not allude to the judgment or execution of Wild a. Smith, or forbid the sheriff from executing that writ as he was by law bound to do. The prohibition actually made by the court has been observed to the letter. If punishment were now inflicted for the acts complained of, the sheriff would be made to suffer for doing his legal duty; for performing an

* *Ante*, 208.

act he was bound to perform, and which was not forbidden by either the language or the spirit of the order. But while this order was wholly silent as to the proceedings of the parties in the case of Wild *a.* Smith, there were steps that might have been taken on the order appealed from, and which this order stayed, such as the collection of the costs awarded by the order.

It is plain to my mind that all injunction orders should be made so clear, definite and precise that every person enjoined should see clearly and distinctly just what acts are forbidden, and what are permitted. That rule has been observed in framing the order of September 6th. The order stays certain specified proceedings in this action, and those only. All other proceedings in the action, and in other actions, are not forbidden, and therefore are permitted so far as this order is concerned.

The plaintiff, while admitting that defendants have not taken any proceedings under the order appealed from, asks the court to punish them for taking some other proceedings. The acts done, however, were not forbidden by the order, and cannot be thus punished. If the plaintiff has the rights she supposes, and they have been interfered with, she has other remedies to resort to. But this one must be denied to her.

Both parties have consented that under the order of September 6th I should decide the question whether the injunction should be allowed to stand till the next general term, and have accordingly argued it. The grounds on which I am asked to interfere with the judgment and execution of Wild *a.* Smith, are such that I feel great hesitation in so doing. But for the reasons already stated in Johnson *a.* Scriver, and on the terms there imposed, the same stay is granted to the plaintiff on the judgment and execution of Wild *a.* Smith.