(138 App. Div. 213.)

DOLLARD v. KORONSKY et al.

In re BLOCH.

(Supreme Court, Appellate Division, First Department.  May 20, 1910.)

CONTEMPT (§ 16*)—ACTS CONSTITUTING.

One who signs an undertaking to release the levy of an execution against the property of another, and at the time swears that he is worth $2,800 above all debts, and his undertaking is that the execution defendant would pay any judgment that might be obtained against him in the action, and then deliberately denudes himself of all his property to prevent the collection of the judgment on the bond, is not guilty of contempt.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 16.*]

Appeal from Appellate Term.

Action by Albert H. Dollard against Benjamin Koronsky and others. From an order of the Appellate Term (121 N. Y. Supp. 987), reversing an order of the City Court (64 Misc. Rep. 611, 118 N. Y. Supp. 922) adjudging defendant Max E. Bloch guilty of contempt, an appeal was taken.  Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Yorke Allen, for appellant.
Louis Marshall, for respondents.

SCOTT, J.  We find ourselves forced to the conclusion that the respondent's conduct, reprehensible though it was, did not constitute a contempt of court.  On June 24, 1908, he signed an undertaking in order to release the levy of an execution against the property of one Koronsky.  He then swore that he was worth $2,800 over and above all debts and liabilities, and his undertaking was that Koronsky would pay any judgment that might be obtained against him in the action. A judgment was obtained, the respondent refused to pay it, and the plaintiff had judgment against him.  Being examined upon supplementary proceedings in March, 1909, he swore to a most incredible tale. He said that when he signed the undertaking in June, 1908, he had owned real and personal property worth about $3,800, and since that time had earned about $900.  He then told a most extraordinary and unbelievable story as to how he had spent and dissipated all of this property, leaving himself penniless.

It is quite possible that he never had as much property as he testified to, and it is incredible, if he ever had it, that he disposed of it as he swears he did.  The court, however, accepting his statements as true, found, as it was quite justified in doing, that he had deliberately denuded himself of all his property in order to prevent the collection of any judgment that might be recovered against him on the undertaking. Accepting this finding as fully sustained by the proofs, we are constrained to hold, for the reasons well stated by Mr. Justice Seabury, writing for the Appellate Term, that the respondent had not been technically guilty of a contempt of court.  The result is regrettable,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the plaintiff has been greatly wronged. His experience adds another illustration to those which are frequently brought to our attention of the insecurity of personal bonds dependent solely upon the continued solvency of the surety.

Order affirmed, without costs. All concur.