(161 App. Div. 215)

## COFFIN v. COFFIN.

(Supreme Court, Appellate Division, First Department.   March 6, 1914.)

1. CONTEMPT (§ 20*)—ORDER OF COURT—SUFFICIENCY.
   Before one can be punished for contempt in not complying with a direction of the court, the precise thing to be done by the party proceeded against must be definitely stated.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62;  Dec. Dig. § 20.*]

2. CONTEMPT (§ 20*)—ORDER OF COURT—SUFFICIENCY.
   An order that the plaintiff is entitled to judgment against the defendant directing her to pay to the plaintiff after a service of a copy of this judgment a sum of money, if treated as an order for a judgment, is not such a specific judgment as can be made the basis of contempt proceedings for failure to comply therewith.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62;  Dec. Dig. § 20.*]

3. CONTEMPT (§ 20*)—ORDER OF COURT—NONPAYMENT OF MONEY BY GUARDIAN.
   Failure of a guardian to comply with a judgment directing her to pay a sum of money to the ward cannot be made the basis of contempt proceedings under Judiciary Law (Consol. Laws, c. 30) § 753, subd. 1, providing that proceedings to punish for contempt may be brought against an attorney or other person, selected or appointed to perform a judicial or ministerial service, for misbehavior in his office, or for disobedience to a law mandate of the court.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62;  Dec. Dig. § 20.*]

4. CONTEMPT (§ 20*)—ORDER OF COURT—NECESSITY OF EXECUTION.
   In view of Code Civ. Proc. § 1240, authorizing execution on final money judgments in favor of either party on a judgment directing the payment of a sum of money, a guardian, failing to obey an order directing her to pay over money to the ward, cannot be punished for contempt under Judiciary Act (Consol. Laws, c. 30) § 753, subd. 3, providing that contempt proceedings may be brought against a party to an action for the nonpayment of a sum of money ordered by the court to be paid in a case where by law execution cannot be awarded for the collection of such sum, or Code Civ. Proc. § 1241, subd. 1, authorizing contempt proceedings to enforce a final judgment which cannot be enforced by execution.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62;  Dec. Dig. § 20.*]

5. CONTEMPT (§ 20*)—ORDER OF COURT—FAILURE OF GUARDIAN TO PAY OVER MONEY.
   A guardian failing to obey a judgment directing her to pay over money to the ward cannot be punished for contempt under Code Civ. Proc. § 1241, subd. 4, authorizing contempt proceedings to enforce a final judgment requiring the payment of money into court, or to an officer of the court.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 58–62;  Dec. Dig. § 20.*]

Appeal from Special Term, New York County.

Action by Everett S. Coffin against Cora A. Coffin.   From an order adjudging defendant guilty of contempt, and directing her imprisonment, defendant appeals.   Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John V. Judge, of New York City (John T. Fenlon, of New York City, on the brief), for appellant.

Chester Mayer, of New York City, for respondent.

McLAUGHLIN, J. The defendant appeals from an order adjudging her guilty of contempt of court, fining her $8,491.22, and directing her imprisonment until such fine is paid. The plaintiff, by the defendant as his guardian ad litem, brought an action to recover damages for personal injuries sustained by him. He had a recovery of upwards of $12,000, and thereupon this defendant was appointed his general guardian, and as such received the amount recovered, less the expenses of the litigation. After he became of age he instituted this action to compel her to account. The matter was sent to a referee, who reported that the general guardian was chargeable with a balance of $8,491.22. The report was confirmed, and there was entered what is claimed to be a judgment directing the payment of such sum to the plaintiff, or his attorney, within five days after a service of the copy of the same.

[1, 2] It may well be doubted whether this is anything more than an order directing the kind of a judgment to be entered. It reads:

"Ordered that the plaintiff is entitled to judgment against the defendant directing her to pay to the plaintiff or his attorneys within five days after service of a copy of this judgment the sum of * * * $8,491.22."

If treated as an order directing the kind of a judgment to be entered, then clearly the defendant was not guilty of contempt of court in not paying the amount found to be due. The rule is well settled that before one can be punished for contempt in not complying with a direction of the court, the particular or precise thing to be done by the party proceeded against must be clearly and definitely stated. Ketchum v. Edwards, 153 N. Y. 534, 47 N. E. 918; German Savings Bank v. Habel, 80 N. Y. 273; Rowley v. Feldman, 66 App. Div. 463, 73 N. Y. Supp. 385; Ross v. Butler, 57 Hun. 110, 10 N. Y. Supp. 444. The provision above quoted does not direct the defendant to pay, but simply provides that the plaintiff "is entitled" to a judgment directing her to pay.

[3-5] But, assuming that it is a judgment and not an order, and that it does direct the plaintiff to pay within five days the amount specified, then the order appealed from must be reversed. Judiciary Law, section 753, provides that proceedings to punish for contempt may be maintained against:

"1. An attorney * * * or other person, in any manner duly selected or appointed to perform a judicial or ministerial service, for a misbehavior in his office or trust, or for a willful neglect or violation of duty therein; or for disobedience to a lawful mandate of the court, or of a judge thereof, or of an officer authorized to perform the duties of such a judge. * * * 3. A party to the action or special proceeding, * * * for the nonpayment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum."

The defendant's alleged contempt consisted in a failure to obey directions given to her "as a party to the action," and not as a person who had been appointed to perform some judicial or ministerial act.

The first subdivision of the section of the Judiciary Law, therefore, has no application. The third subdivision is also inapplicable, because an execution may be issued to collect the amount directed to be paid. The Code of Civil Procedure provides (section 1240):

"In either of the following cases, a final judgment may be enforced by execution: 1. Where it is for a sum of money, in favor of either party; or directs the payment of a sum of money."

And section 1241:

"In either of the following cases, a judgment may be enforced, by serving a certified copy thereof, upon the party against whom it is rendered, or the officer or person, who is required thereby, or by law, to obey it; and, if he refuses or willfully neglects to obey it, by punishing him for a contempt of court; (1) where the judgment is final, and cannot be enforced by execution, as prescribed in the last section. * * * (4) Where the judgment requires the payment of money into court, or to an officer of the court. * * *"

The defendant could not be punished under subdivision 1 of section 1241 of the Code of Civil Procedure, because execution could be issued to enforce the judgment. She could not be punished under subdivision 4 of the same section because she was not directed to pay the money into court, or to an officer of the court.

There are numerous authorities to the effect that an execution can be issued upon a judgment of this character, and, if so, a failure to pay as directed does not constitute a contempt of court. Thus in Matter of Amerman, 3 N. Y. St. Rep. 356, proceeding was brought in the Supreme Court to remove a trustee under a will and for an accounting. The plaintiff had an order removing the trustee and directing him to pay a specific amount found due to his cotrustees. He failed to pay, and proceedings were taken to punish him for contempt. It was held he was not guilty of contempt for failing to make the payment because execution would lie for its collection.

In Matter of Hess, 48 Hun, 586, 1 N. Y. Supp. 811, the judgment directed defendants to pay a certain amount found due. It was held contempt proceedings would not lie because execution could be issued for its collection.

The sections of the Code of Civil Procedure above referred to, and also what was then section 14 (now section 753 of the Judiciary Law), were considered in Harris v. Elliott, 163 N. Y. 269, 57 N. E. 406, and it was held that where an execution would be issued, one could not be punished for contempt in failing to make the payment directed.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion to punish for contempt denied, with $10 costs. All concur.