KATHERINE TEMCYZN, Landlord, Appellant, *v.* RACHEL KLEIN Tenant, Respondent.

Supreme Court, Appellate Term, First Department, November 18, 1924.

**Landlord and tenant — summary proceedings for removal of tenant from apartment sought by landlord for own personal use — evidence warrants conclusion that landlord desires premises for her own personal use — failure of tenant to establish lack of good faith in landlord — final order in favor of tenant reversed.**

A final order in favor of a tenant in summary proceedings for the removal of the tenant from an apartment, rented on a monthly basis, which the landlord sought for her own personal use, should be reversed and a final order directed for the landlord, where the only evidence tending to impeach the good faith of the landlord is her admission that she asked the tenant if she would take a year's lease and upon the tenant's refusal commenced this proceeding.

APPEAL by a landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of the tenant, after a trial by a judge without a jury.

*Wasserman & Erenstoft (Frank Wasserman,* of counsel), for the appellant.

*Morris Weinfeld,* for the respondent.

*Per Curiam.*   The landlord, who sued to regain possession of an apartment for her personal use, testified that the apartment in question was of four rooms, one of which was shut off from the rest

by a locked door and had been separately rented. This room is now vacant. The landlord admits asking the tenant if she would take a year's lease. The tenant refused, and this proceeding was begun. This circumstance is the only evidence in the record tending to impeach the good faith of the landlord, but it does not seem to us to warrant a conclusion that the landlord did not desire the premises for her personal use. It seems to have been a prudent act by the landlord to have selected for her personal use an apartment which was rented on a monthly basis, rather than one which was rented on a yearly basis.

The sole question to be determined was whether the landlord in good faith required the apartment for her own use. There is no evidence to controvert her assertion to that effect, and it is perfectly reasonable under the circumstances. Consequently there is no basis for the final order in favor of the tenant which is reversed and final order directed in favor of the landlord, with costs.

Final order reversed, with five dollars costs, and final order directed in favor of the landlord awarding her the possession of the premises, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.