—— AGATOWSKI, Respondent, *v.* —— NOVINSKY, Petitioner.

Municipal Court of the City of New York, Part 1, Borough of Manhattan, Second District, January 16, 1925.

Summary proceedings to dispossess — proceedings to punish landlord for civil contempt under Judiciary Law, § 753 — final order was granted to landlord — contempt based on alleged fraudulent representations by landlord that he desired possession of property for his personal use — allegation by landlord of good faith in seeking possession for his own use must be accepted in absence of contradictory evidence — landlord has not occupied premises and evidence shows he did not intend to — landlord is guilty of contempt under Judiciary Law, § 753, and is fined $150.

n summary proceedings to dispossess a tenant from an apartment in New York city, an allegation by the landlord that in good faith he desires the possession

of the premises for the immediate use of himself and family, must be accepted as true in the absence of any evidence that the landlord does not desire the possession of the premises for that purpose.

In proceedings to punish a landlord for civil contempt under section 753 of the Judiciary Law on the ground that the landlord fraudulently represented to the court that in good faith he desired the premises in question for the immediate use of himself and family, the evidence shows that the landlord did not take possession of the premises personally, after the final order in the dispossess proceedings, and that it was not his intention to do so when he sought to dispossess the tenant, and, therefore, it must be held that he practiced a fraud upon the court and has defeated, impaired and prejudiced the rights of the tenant within the meaning of section 753 of the Judiciary Law.

The landlord is guilty of civil contempt under said section of the Judiciary Law, and is fined $150, since he deceived the court and the deceit so practiced impaired and prejudiced the rights of the tenant, and since the tenant has suffered damages by reason of the acts of the landlord and has no other remedy available in which he can recover the damages so suffered.

MOTION under section 753 of the Judiciary Law to punish the respondent for civil contempt in fraudulently obtaining a final order in summary proceedings to dispossess the petitioner.

*Waldman & Lieberman*, for the petitioner.

*Morris C. Brandt*, for the respondent.

PANKEN, J.:

This is a motion to punish the respondent herein for a civil contempt of court. It is brought under the provisions of section 753 of the Judiciary Law, which defines civil contempts. In part it reads as follows:

" § 753. Contempts punishable civilly. A court of record has power to punish, by fine or imprisonment, or either, any neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in court, may be defeated, impaired, impeded or prejudiced in either of the following cases: * * *."

It is urged on this motion that the respondent deceived the court, and impaired, impeded, prejudiced and defeated the rights of the petitioner.

The facts upon which this application is made are in substance as follows:

The respondent is the owner of premises No. 433 East Ninth street in the borough of Manhattan in the city of New York. The petitioner herein was a tenant occupying a portion of the premises mentioned.

A summary proceeding was commenced by the respondent to repossess himself of the apartment occupied by the moving party and the respondent alleged in said proceeding that he desired

Misc. 305]      Municipal Court of New York, January, 1925.

possession of such premises for the immediate use of himself and his family in good faith. The proceeding came on for trial. Upon all the testimony adduced the court awarded final order in favor of the landlord. In awarding the final order to the landlord herein, I followed a long line of decisions handed down both by the Appellate Term and the Appellate Division.

It has become the recognized law in this jurisdiction that where an owner seeks possession of the premises for his own immediate use in good faith the same must be awarded to him unless the intent to so use is controverted. The basis of an application for the possession of premises for immediate use and occupancy by an owner is a matter which is determinable by the intent of the owner. An intent is only possible of being controverted by circumstances shedding light upon the conduct and the acts indicating the intent. The mere assertion of an intent has no probative value unless it is considered in the light of circumstances and conditions.

It seems to me, however, that this has become abstract since the appellate courts in this jurisdiction have laid down a contrary rule.

In the case of *Temcyzn* v. *Klein*, 123 Misc. 930, the Appellate Term said: " The landlord, who sued to regain possession of an apartment for her personal use, testified that the apartment in question was of four rooms, one of which was shut off from the rest by a locked door and had been separately rented. This room is now vacant. The landlord admits asking the tenant if she would take a year's lease. The tenant refused and this proceeding was begun. This circumstance is the only evidence in the record tending to impeach the good faith of the landlord, but it does not seem to us to warrant a conclusion that the landlord did not desire the premises for her personal use."

Further the court says: " The sole question to be determined was whether the landlord in good faith required the apartment for her own use. There is no evidence to controvert her assertion to that effect, and it is perfectly reasonable under the circumstances. Consequently there is no basis for the final order in favor of the tenant."

It seems, therefore, all that the landlord need do is to assert a desire in good faith for possession for his own use and occupancy of an apartment occupied by a tenant to entitle him to a final order, unless, as the court said in *Temcyzn* v. *Klein* (*supra*), there is evidence to controvert the assertion of the landlord to that effect. Direct evidence controverting such assertion is not always possible. It is improbable that a landlord, seeking to take advantage of the provisions of the law, with the intent to commit a

fraud and practice a deceit, would lay himself open by acts which would directly controvert his assertion. The only basis upon which an owner may be controverted is by the surrounding circumstances in connection with the proceeding, acts leading thereto and the credibility of his testimony.

Upon the trial of the summary proceeding between the respondent and the moving party on this motion, I awarded final order to the landlord. There was no direct testimony controverting the landlord's assertion, who is the respondent herein.

It develops now that though the tenant, the moving party herein, made available the premises occupied by her for the respondent herein even before the expiration of the stay, the respondent failed to occupy such apartment either by himself or his family, and from the testimony taken upon the application it developed that he still continues in the premises occupied by him at the time the summary proceeding was tried.

It is contended by the moving party that the respondent never intended to occupy the premises which she had vacated, that he brought the proceeding against her with the intention of dispossessing her from the premises, and that his petition as well as the testimony given on the trial of the summary proceeding was for the purpose of deceiving the court and by fraud regain possession of the premises so that he might let them to another tenant.

Upon the answer and answering affidavits to this application and the argument had thereon, counsel agreed that testimony be taken. A considerable amount of testimony has been submitted by both sides and it appears from the testimony that Agatowski, the respondent, seeks to excuse his failure to take possession of the premises awarded to him on the ground that subsequent to the trial of the proceeding he had received information of his father's death in Poland and that he had decided to return to Poland; that it was his intention to go back to Poland. No. 433 East Ninth street is still owned by him.

I conclude that the assertion of his intention to go back to Poland is not more credible than the assertion of his intention to use and occupy the apartment which the moving party had vacated and which was awarded to him by final order.

The circumstances testified to on the hearing of this application do not bear out the respondent in his assertion that he had decided to return to Poland. The property has not been disposed of, nor has he submitted any evidence tending to show that he had done anything from which it might be spelled out that he had decided to leave these shores and return to his homeland.

My conclusion is that the respondent never intended to use and

occupy the premises which he sought to and did regain in the summary proceeding; that his assertion was not made in good faith.

It follows, therefore, that he has practiced a fraud upon the court and has defeated, impaired, impeded and prejudiced the rights of the moving party.

The question before me is whether or not his act constitutes a civil contempt within the meaning of section 753 of the Judiciary Law.

The test as to what constitutes a civil contempt has been laid down in *Dollard* v. *Kornosky* (61 Misc. 392), which was an application to punish the respondent therein for civil contempt, and at page 398 the court said: " It is well known that four elements are necessary in a matter of this kind in order to hold one guilty of contempt of court. The first ground is that it must be shown that there was a deceit on the court; second, that the plaintiff's remedies and rights were impaired, impeded or prejudiced; third, that actual loss or damage was caused to the plaintiff, and, fourth, that he has no other remedy prescribed by law for the recoupment of such damages."

As to the first two grounds laid down in *Dollard* v. *Kornosky* (*supra*) I have already concluded that the respondent deceived the court and that the deceit has impaired, impeded and prejudiced the rights of the moving party.

On the hearing of this application testimony was adduced showing that the moving party had suffered damages by reason of the acts of the respondent. The only question left is whether or not there is another remedy available to the moving party in law for the recoupment of such damages.

Counsel for both sides have submitted memoranda, and neither has submitted anything showing that the moving party has another remedy prescribed by law for the recoupment of the damage.

I have been unable to find any precedent or rule of law or statute which gives the moving party a right of action other than the proceeding herein. The moving party cannot maintain an action in fraud because she did not rely upon the fraudulent statements of the respondent. To maintain an action in fraud she must prove she relied upon the fraudulent statements.

There have been many summary proceedings to regain possession of apartments for the use and occupancy by owners, and in some instances the owners failed to occupy the premises after final orders have been awarded them.

In the absence of any remedy available to a tenant that provision of the statute and the decisions of the court construing such statute, which gives to the owner the right to regain possession of the

premises when he asserts an intention to immediately occupy the same by himself and family in good faith, make the process of the court a weapon in the hands of unscrupulous men for wrongdoing and the perpetration of injustice.

It seems to me that the conduct of this respondent deserves condemnation. He has made use of the process of this court to visit injustice and hardship upon the moving party herein. He has deceived and practiced a fraud upon the court.

The testimony shows that the tenant was damaged in the sum of $150. The motion to punish the respondent for contempt is granted. The respondent is fined the sum of $150, to be paid within ten days after service of a copy of the order hereon, and in default of such payment let commitment to the county jail be issued.

Settle order on notice.