In the Matter of THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. DONNELLY, Appellant, against " MARY " MILLER, First Name " Mary " Being Fictitious, True First Name Being Unknown to Petitioner and Being the Person Residing at 33 Old Broadway, New York City, Respondent.

First Department, May 15, 1925.

Contempt — criminal contempt — civil contempt — application to punish petitioner in habeas corpus proceedings for contempt based on his forcible removal of his child from custody of defendant — child was placed in defendant's custody by relator, his father, after mother's death — on refusal of defendant to return child, relator instituted habeas corpus — before decision in habeas corpus was made or order entered, relator forcibly took child from defendant — relator is not guilty of contempt.

A person cannot be guilty of criminal or civil contempt of court under sections 750 and 753 of the Judiciary Law, unless he willfully violates a lawful mandate of the court, and it is not contempt if the only mandate or direction of the court violated is an oral one, for a mandate as defined in section 28-a of the General Construction Law comprehends only a written direction or order of the court, a judge or person acting as judicial officer.

Accordingly, the relator who, on the death of his wife, placed their infant daughter in the custody of the defendant and after the defendant refused to return the child instituted this proceeding in habeas corpus, was not guilty of contempt, either civil or criminal, when he, prior to the decision of the court in the habeas corpus proceeding and before any order had been made or entered, forcibly took the child from the custody of the defendant and took her out of the jurisdiction of the court.

*It seems*, furthermore, that the defendant had absolutely no right to retain the custody of the child as against the paramount right of the relator, the child's father.

APPEAL by the petitioner, John J. Donnelly, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on

the 11th day of March, 1925, granting defendant's motion to punish the petitioner for contempt of court.

*Herman C. Rubino,* for the appellant.

*Charles G. Coster,* for the respondent.

McAvoy, J.:

The appellant here was fined the sum of $250 pursuant to an order of the court which directed that he pay the sum to the respondent, one Frances Miller, for an alleged contempt of court, in that, as the order recites, he on or about the 20th day of August, 1924, at the city of New York, " with force and against the will of the respondent, Frances Miller, removed the child, Catherine Donnelly, from the custody of the said Frances Miller and did take the said child, Catherine Donnelly, out of the jurisdiction of this court."

While this is, in effect, an order punishing the appellant for a civil contempt, since it recites that the misconduct of appellant, then the petitioner Donnelly, did defeat the right of the respondent, Frances Miller, to the custody of the said child, and since it directs the payment of the fine for the misconduct to Frances Miller, the respondent, yet there was no order entered for the disobedience of which a contempt could be charged at the time of the alleged misconduct of the appellant.

The appellant Donnelly was a widower who shortly after his wife's death had placed his infant child with the respondent Frances Miller, so that she might care for the child during its infancy. When the child had been with Mrs. Miller for over a year Donnelly sought to recover her custody and Mrs. Miller refused to return her. Thereupon Donnelly brought a habeas corpus proceeding, and after the hearing thereon was completed and the court had reserved decision upon the application of the parent, the appellant with the aid of others, entered the home of Mrs. Miller and took the child from her custody and placed it in another person's custody of his own choice.

It is claimed that this was an interference with the proceeding then pending in the court, namely, the habeas corpus proceeding, and that it prejudiced the respondent and interfered with her legal rights and caused her damage.

The affidavits accompanying the petition for the writ of habeas corpus, the testimony taken in the habeas corpus proceeding, and the affidavits submitted with the application to punish the appellant for contempt, show neither any legal right in Mrs. Miller which was infringed, nor any interference with the pending proceeding then going on before the court.

Section 750 of the Judiciary Law contains the grounds upon which a person may be punished for criminal contempts by a court of record, and it contains the admonition that such punishment for criminal contempts may be made of a person guilty of the acts described, " and no others," and the acts for which such punishment may be inflicted set forth in the 1st subdivision of that section are disorderly, contemptuous or insolent behavior committed during a sitting of the court in its immediate view and presence and directly tending to interrupt its proceedings or to impair the respect due to its authority.

Obviously, these words do not cover the conduct of Donnelly in removing his child from the household of Mrs. Miller.

In the 2d subdivision of said section it is prescribed that contempt may consist in conduct described as a breach of the peace, noise or other disturbance, directly tending to interrupt the court's proceedings. These acts, of course, are not akin to any aspect of the conduct of which respondent complained.

The third ground for a charge of contempt is willful disobedience to the court's lawful mandate.

The fourth, resistence willfully offered to its lawful mandate.

The only act mentioned in these enumerations of acts which constitute criminal contempt under our law which may possibly relate to the appellant's conduct, described as contemptuous, is that which reads " wilful disobedience to its lawful mandate." Section 753 of the Judiciary Law also classifies as a civil contempt the disobedience to a lawful mandate of the court, whereby a right or remedy of a party to a civil action or special proceeding, pending in the court, may be defeated, impaired, impeded or prejudiced.

Assuming that an oral direction of the court in a pending habeas corpus proceeding may be deemed a lawful mandate, there is nothing in this record which would indicate that the appellant's behavior can be characterized as willful, that is, knowingly unlawful, nor is there anything in the nature of the proof with regard to the direction made by the court which can bring it within the term " lawful mandate."

The order upon which the punishment for contempt is founded nowhere shows that there was issued a lawful mandate, or that there was a willful disobedience thereof.

The offense charged in the order is that the appellant, " with force and against the will of * * * Frances Miller, removed the child * * * from the custody of the said Frances Miller," and that " the said misconduct * * * did defeat the right of the respondent, Frances Miller, to the custody of the said child." There was no willful disobedience of any mandate in resisting the

endeavor of Frances Miller to keep the child, nor was there any right in Frances Miller to the custody of the child infringed. She had no right to this child's custody whatever against the paramount right of the parent which could be defeated or impaired.

Obviously, the recitals in the order relate to offenses punishable as civil contempts and the fine imposed by the order indicates that it was by way of reparation for violation of the respondent's alleged right. There can be no punishment, however, for a civil contempt unless there be some order issued which must be clear and explicit in its terms of direction to warrant a contempt proceeding for its violation. A "mandate," too, is defined in the General Construction Law (§ 28-a, as added by Laws of 1920, chap. 917), which reads: " ' Mandate ' includes a writ, process or other written direction, issued pursuant to law, out of a court, or made pursuant to law, by a court, a judge or person acting as a judicial officer, and commanding a court, board or other body, or an officer or other person, named or otherwise designated therein, to do or to refrain from doing an act therein specified."

Obviously, whatever happened in respect of an oral direction during the pendency of these proceedings cannot be considered as a lawful mandate. Neither in a civil nor a criminal contempt proceeding, as defined in the Judiciary Law (§§ 753, 750), is there any indication that the words "lawful mandate" refer to anything, other than a written direction of a court or judge made in the course of an action or a special proceeding. Since there was no "lawful mandate" disobeyed by the appellant, nor any right or remedy of the respondent infringed nor any mandate whatever in writing determining the rights of the parties in existence at the time the acts of Donnelly were committed, and since none of the acts described in the law defining civil or criminal contempts justify a finding of guilt of contemptuous conduct, the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.