In the Matter of the Application of C. RAYMOND NORTH and Others, Petitioners, for an Order of Mandamus Directed to MICHAEL J. FOLEY, as Mayor of the City of Cohoes, and Others, Respondents.

Supreme Court, Albany County, October, 1933.

*Walter H. Wertime*, for the petitioners.

*Dennis S. Dawson*, for the respondents.

STALEY, J. This is an application to punish the respondents for contempt of court in failing to comply with the provisions of an order of this court made the 5th of May, 1933.

The order requires the respondents to permit and afford the petitioners and their attorney or accountant an opportunity to inspect and examine books and accounts in the public offices of the city of Cohoes and under the control of the respondents in relation to receipts and expenditures between January 1, 1932, and May 1, 1933, and to permit petitioners and their attorney or accountant an opportunity to make extracts or copies from such records, " and to do all further acts necessary or convenient to secure to petitioners their rights to such inspection and the making of such extracts and copies."

The inspection of the records began about the 22d of May, 1933, and continued until the latter part of September, 1933. On or about the 26th of September, 1933, the petitioners caused a photostatic machine to be taken to the city comptroller's office for the

purpose of making copies of the records, particularly bills, accounts and checks, of which there were a great number.

The mayor of the city ordered the removal of the photostatic machine, acting in conjunction with the corporation counsel, who advised him, after examining the order, that the taking of pictures was not authorized therein.

The petitioners claim that the removal of this machine and the denial of permission to use it was a violation of the order of May 5, 1933.

This application is made to punish the respondents for a criminal contempt. The charge in the order to show cause is that the defendants willfully disobeyed a mandate of the court. (Judiciary Law, § 750, subd. 3.)

Disobedience of the orders of the court may be either a criminal contempt or a civil contempt. The difference between a criminal contempt and a civil contempt is that a criminal contempt consists of a willful disobedience, while a civil contempt is mere disobedience by which the right of the party to an action is defeated, impaired, impeded or prejudiced. (*People ex rel. Negus* v. *Dwyer*, 90 N. Y. 402, at p. 406; *People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 id. 245; *People ex rel. Kelly* v. *Aitken*, 19 Hun, 327, at p. 329.)

In order to constitute criminal or public contempt, it must appear that the alleged act of disobedience has been expressly forbidden; that there has been a violation of the plain terms of the order, and that the violation was willful or intentional rather than inadvertent or by mistake. As punishment for contempt involves or may involve not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it has been violated. (*Ketchum* v. *Edwards*, 153 N. Y. 534.) Contempt proceedings must be based upon the violation of a clear and precise mandate of the court. (*Ziegfeld* v. *Norworth*, 148 App. Div. 185, at p. 191.)

The rule is well settled that before one can be punished for contempt in not complying with a direction of the court, the particular or precise thing to be done by the party proceeded against must be clearly and definitely stated. (*Coffin* v. *Coffin*, 161 App. Div. 215.)

If the order alleged to be disobeyed is capable of a construction consistent with the innocence of the party there should be no punishment. (*Weeks* v. *Smith*, 3 Abb. Pr. 211.)

In the case of a criminal contempt, where the failure of the order must be willful, even though the terms of the order may be

plain, there can be no punishment, if it is shown that the failure of the order was under misunderstanding or a mistake. Where the terms in the order are plain and a precise direction contained therein is violated, there is little or no opportunity to show inadvertence or mistake.

In the case at bar, while the terms of the order permitting copies of records to be made are broad, it does not specifically provide that photostatic copies may be made.

The direction in the order that the petitioners be permitted to make extracts or copies from said record did not specify the method by which such extracts or copies should be made. In the absence of such specification, it must be assumed that the ordinary method of extracting and copying was directed and should be permitted.

When a method other than the ordinary and usual method was sought to be employed, and one not specified in the order, a construction of the terms and scope of the order necessarily became involved. Such construction then became a matter of opinion and fair judgment, with consideration of the right of public officers to make reasonable regulations governing the inspection and copying of public records. (*People ex rel. German American Loan & Trust Co.* v. *Richards,* 99 N. Y. 620.)

There is a difference between acting upon advice of an attorney deliberately given to resist or violate an order of the court, and acting upon the expression of a judgment and advice thereon by an attorney relating to the scope of the mandate and method of compliance with the terms of an order. Deliberate advice to resist or violate an order by an attorney should be visited with more severe punishment upon the attorney than the client. (*Stolts* v. *Tuska,* 82 App. Div. 81, at p. 85.)

Under all the circumstances herein the failure to permit the petitioners to make copies and extracts by a method not specifically and clearly set forth in the order, does not constitute a willful violation of the mandate of the court, and does not constitute a criminal contempt.

Order may be entered denying the motion of petitioners, without costs.