In the Matter of the Estate of MARCO BATTISTA, Deceased.

Surrogate's Court, Kings County, March 28, 1941.

*Baldassare Lamberta,* for Domenica Battista, as administratrix, etc.

*A. Lionel Levy,* for Giuseppe Amendolara, respondent.

WINGATE, S. This is an application to enforce, by the incarceration for contempt of Giuseppe Amendolara, a direction contained in a decree dated March 30, 1939, which reads as follows:

" Ordered, adjudged and decreed that said Giuseppe Amendolara or such other person or persons in whose possession or under whose control the said property may be shall forthwith deliver to Domenica Battista, the petitioner, the property belonging to the decedent specified in the said petition and described as follows: the coal, ice and fuel oil business now located in the store at #1458 DeKalb Avenue, Brooklyn, N. Y.; the customers' book or list pertaining to said business, containing the names and addresses of all customers, full accounts, including balances due, from December 5, 1933 to the date of delivery of said book or list; the keys to the store or place of business at #1458 DeKalb Avenue, Brooklyn, N. Y., the keys to the cellar or place of business at #338 Knickerbocker Avenue, Brooklyn, N. Y.; one pushcart, one large scale, ice tongs and coal bags."

The question presented, assuming that a certified copy of this decree was duly served on the respondent, demand made and

failure by him to deliver anything whatsoever to the petitioner occurred, is whether he may be incarcerated for contempt for failure to comply with a decree so phrased.

It has been the immemorial determination of the courts that " Contempt is a drastic remedy and, before it is invoked, the right to use it must be clear." (*Hockeborn* v. *Hockeborn*, 17 N. Y. Supp [2d] 41, 43, not otherwise reported.)

The most recent pronouncement of the Court of Appeals on the subject of the varieties of decretal directions which may be enforced by the medium of contempt proceedings (*Matter of Spector* v. *Allen*, 281 N. Y. 251) contains the following observations (at p. 260): " To protect the liberty of the individual from possible abuse of power, punishment for contempt is hedged about with restrictions and subject to regulations imposed by the Legislature. Disobedience only of mandates of the court given in accordance with law are subject to such punishment. The command must be clear; disobedience must be willful. Guilt arises only where the authority of the court is flouted."

This statement is little more than a substantial reiteration of the language contained in the leading case of *Ketchum* v. *Edwards* (153 N. Y. 534, 539): " as punishment for contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated " and of the substantially equivalent statement in *Ziegfeld* v. *Norworth* (148 App. Div. 185, 191) that " Contempt proceedings must be based upon the violation of a clear and precise mandate of the court," which has been cited or applied on almost innumerable occasions. (*Matter of People ex rel. Donnelly* v. *Miller*, 213 App. Div. 88, 91; *Matter of Mitchell* v. *Sperling*, 229 id. 204, 205; *Transit Commission* v. *Long Island R. R. Co.*, 250 id. 448, 449; affd., 274 N. Y. 582; *Matter of North* v. *Foley*, 149 Misc. 572, 574.)

It is readily arguable that whether a given mandate is capable of characterization as " clear and precise " may be a matter of opinion, wherefore a search for precedents determining the requisite degree of clarity and precision in this regard becomes necessary. They are not difficult to find.

In *Ross* v. *Butler* (57 Hun, 110, 112) it was stated: " If there is one thing which is well settled in reference to the power of the court to enforce by attachment its judgment or decree, it is that such judgment or decree shall be definite and certain; that there shall be no opportunity for ambiguity, but that the party proceeded against is to be adjudged to do a certain specific act; if it is to pay money, then to pay a specific sum of money."

This language was applied in *Rowley* v. *Feldman* (66 App. Div. 463, 466) with the following observation: " No specific sum of money was adjudged to be paid by the order for the alleged disobedience of which Thomas F. Baldwin has been adjudged to be in contempt. It was impossible for him to know from that order how much money he should pay, and he was entitled to be heard upon that subject and to have it expressly determined what amount, if any, he should pay before contempt proceedings could be instituted," and in *Coffin* v. *Coffin* (161 App. Div. 215, 216, 217) in which it is said that " The rule is well settled that before one can be punished for contempt in not complying with a direction of the court the particular or precise thing to be done by the party proceeded against must be clearly and definitely stated." (See, also, *Matter of North* v. *Foley, supra; Jones* v. *Rettig*, 98 Misc. 487, 489; *People* v. *Solomon*, 150 id. 873, 880.) " As a basis for contempt proceedings, the order must clearly state, so as to be readily understood by a layman, precise directions not only as to the amount to be paid but as to the time and place of payment and the person to whom payment is to be made." (*Adams* v. *Adams*, 179 App. Div. 152, 153.) " If the order be ambiguous or doubtful, or fairly capable of a construction which will consist with the person's innocence of any intentional disrespect to the court, I think the court should not interfere to punish for a contempt." (*Weeks* v. *Smith*, 3 Abb. Pr. 211, 212.)

If these several enumerated requirements are consolidated, the resulting test is that to be capable of enforcement by incarceration for contempt an order or decree must direct without ambiguity and in language which may readily be understood by a layman that the particular respondent against whom the remedy is invoked shall, at a stated time, perform a certain specific act or pay a stipulated sum of money to, or for the benefit of, an identified person.

When evaluated in the light of this formula, the inadequacy of the direction upon which the present application is predicated is patent. Without dilating in full upon its deficiencies, it may be noted that no single act is expressly directed to be performed by this respondent. All are addressed in the alternative to him or to some unidentified third persons. The direction for delivery of the " coal, ice and fuel oil business " is ambiguous if not, indeed, meaningless. Of what does such or any other business consist? *Prima facie* its component parts include certain items of tangible property, plus good will. If this was what was intended, and no one can so state with certainty, the tangible items should have been specified by identifying description. The good will is incapable

of "delivery" in any event. Further instances of deficiencies in certainty and clarity of the direction might be multiplied. The foregoing will suffice to demonstrate that this decree is one utterly incapable of enforcement by contempt proceedings.

The application for incarceration of the respondent will accordingly be denied, with costs.

Enter order on notice in conformity herewith.