IRMA WOLFF, Landlord, *v.* WILLIS G. HUBBARD, Tenant.

City Court of New Rochelle, April 29, 1948.

*Alfred F. Fanelli* for tenant.

*Robert Jackson* for landlord.

RUBIN, J. The landlord instituted summary proceedings in this court, for the possession of dwelling premises formerly

occupied by the tenant, based upon a sworn statement that the landlord required the use of the premises for her own immediate and personal use and occupancy for dwelling quarters. The tenant, relying upon the truth of the landlord's statements, submitted to the court's process and surrendered possession. The tenant now claims that the landlord failed to move into the premises so vacated by the tenant and that this subsequent conduct is evidence that the landlord swore falsely in obtaining the court's process and inducing the tenant to vacate.

Invoking chapter 900 of the Laws of 1947 which extended to courts not of record the power to punish for a civil contempt and subdivision 2 of section 20 of the New Rochelle City Court Act (L. 1931, ch. 499); the tenant now moves to punish the landlord as and for a civil contempt of court and for an assessment of damages claiming the acts of the landlord constitute a " deceit or abuse of a mandate or proceeding of the court ".

It is fundamental that in proceedings to punish for contempt the statute must be regarded as a limitation upon the power of the court to punish for contempt and should therefore be strictly construed. (*Dollard* v. *Koronsky,* 199 N. Y. 558.) The only elements that can be considered as constituting a contempt in a situation such as the present one are (a) the false swearing to the statement in the petition on which the precept was obtained or (b) false swearing before the court in the giving of testimony as to intent to use the premises.

It has been held that the filing of a false pleading is not a contempt of a court (*Fromme* v. *Gray,* 148 N. Y. 695) and therefore any claim under (a) is not legally tenable. By the same token, it has long been held that false swearing does not constitute a civil contempt. (*Matter of Silberman Dairy Co.* v. *Econopouly,* 177 App. Div. 97; *Ex Parte Hudgings,* 249 U. S. 378; *Dollard* v. *Koronsky, supra.*)

The court has read with interest the decision of the Municipal Court, City of New York, in *Agatowski* v. *Novinsky* (124 Misc. 305), in which a contempt finding was made, but this court prefers the reasoning and the research which appears in the decision of the City Court of Yonkers, *Gernhardt* v. *Boland* (125 Misc. 783). As was said by the learned judge (p. 786) who wrote the latter opinion, " If the landlord committed perjury then her punishment must be left to the criminal court ". Otherwise, one would have to hold that in every case where false swearing appeared and this false swearing was punishable under the criminal statutes there was a basis for a parallel civil contempt proceeding. This court is not prepared to so hold.

In reaching this conclusion, the court has not overlooked the argument of the tenant that the tenant is left without remedy for damages, assuming that actual damage can be shown, by reason of the fact that section 1444-a of the Civil Practice Act (as added by L. 1948, ch. 213), now according a tenant in such a position a cause of action for damages, was not in effect at the time of the acts complained of in this case and cannot be applied retroactively, and because of the decision of our own Appellate Division within the last month in *David* v. *Fayman* (273 App. Div. 408), holding that a complaint for damages on such facts does not state a cause of action.

This court is still of the belief that a remedy is available, assuming that the facts charged against the landlord could be proven. The Appellate Division decision, in reaching its conclusion, laid stress on the fact that the complaint for damages in the *David* case (*supra*) could have been litigated before the Office of Price Administration or in the Municipal Court. In the instant case there could have been no such litigating of issues because the tenant's position is that the falsity of the landlord's application before the Office of Price Administration and the falsity of the landlord's petition in the summary proceeding became known and could only become known after the conclusion of the summary proceeding and after the tenant vacated, and then only by reason of the landlord's subsequent conduct. Obviously, in such a situation there was no issue that could have been presented to either the administrative board or the court until after the conclusion of each of these proceedings. If the tenant's contentions are capable of proof, then this Court still feels that there is a remedy available to the tenant in the form of an equitable action in the Supreme Court suggested in this court's opinion in *Goetz* v. *Doody* (190 Misc. 574). The existence of such a remedy would be a further ground for the denial of this application.

Aside from the foregoing considerations, there is a serious question as to whether such contempt proceedings may, under our City Court Act, be entertained when the summary proceeding itself is no longer pending; and, further, a reading of the moving papers shows that the movant is proceeding on information and belief and hearsay, all of which may not be used as the foundation for a contempt proceeding. (*Heights Democratic Club, Inc.,* v. *Brewer,* 272 App. Div. 1008.)

The motion to punish the landlord as and for a civil contempt is accordingly in all respects denied.

Submit order.