DAVID RUDNICK et al., Copartners Doing Business under the Name of GANWEST GARAGE, Appellants, v. HARRY JACOBSON, as President of GARAGE WASHERS & POLISHERS UNION, LOCAL 272, A. F. of L., et al., Respondents.— Plaintiffs appeal from an order which denied a motion to punish the defendants for violating an oral decision restraining picketing in an action for an injunction. Order reversed, without costs, and matter remitted to Special Term for reconsideration. The apparent reason given by Special Term for denying the motion was that contempt proceedings do not lie for violation of an oral decision. Reliance for the denial was placed on *Matter of People ex rel. Donnelly* v. *Miller* (213 App. Div. 88). What was said in the opinion in that case as to the necessity for a written mandate was dicta. The opinion states no determination, oral or written, had been made at the time the act sought to be punished was committed. From an early date persons who heard or were apprised of oral decisions and violated their provisions have been held liable to contempt proceedings. (*Bartholomay Brewery Co.* v. *O'Brien,* 172 App. Div. 784, affd. 220 N. Y. 587; *Miller* v. *Smerkias,* 243 App. Div. 780; *Matter of Belanoff* v. *Belanoff,* 277 App. Div. 1056, 1057; *People ex rel. Platt* v. *Rice,* 144 N. Y. 249; *Silverman* v. *Seneca Realty. Co.,* 154 Misc. 35.) Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

DAVID RUDNICK et al., Copartners Doing Business under the Name of GANWEST GARAGE, Respondents, v. HARRY JACOBSON, as President of GARAGE WASHERS & POLISHERS UNION, LOCAL 272, A. F. of L., et al., Appellants.— In an action to enjoin picketing and for other relief, defendants appeal from the judgment granting a permanent injunction and from an order denying their motion to modify the provisions of said judgment. Judgment and order unanimously affirmed, with costs. The evidence warranted the findings of the Official Referee that the purpose of the picketing was to coerce the respondents into signing a contract which would recognize the union as the sole bargaining agent for the employees. That was not a lawful purpose. (*Goodwins, Inc.,* v. *Hagedorn,* 303 N. Y. 300; *Building Service Union* v. *Gazzam,* 339 U. S. 532.) In the application, which in effect sought to modify the judgment made by order to show cause dated two days after the entry of judgment, there was no express renunciation of the unlawful purpose or specific statement that future picketing was not intended to compel the execution of a contract recognizing the union as the sole bargaining agent. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ. [See 285 App. Div. 830.]

SELMAR GARAGE CORP., Appellant, v. RINK REALTY CORPORATION, Respondent, et al., Defendants.— In an action for specific performance of an agreement to give plaintiff an option to lease a garage or for damages, plaintiff appeals from a judgment entered after trial before the court without a jury, which judgment awarded plaintiff nominal damages. Judgment unanimously affirmed, without costs. The sole question of fact in this case is whether the lease itself has any monetary value. Determination of that question depends on whether the rent reserved by the lease is less than the market rental value of the property. On conflicting evidence, the trier has awarded nominal damages on a finding that the lease has no value. That finding is supported by the weight of the credible evidence. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ. [See 285 App. Div. 831.]