John E. Cone, J.
Plaintiff, a manufacturer of knit goods, seeks to temporarily enjoin the defendant, a knit goods union, from picketing plaintiff’s plant.
Plaintiff alleges that the picketing by the defendant has for its purpose the illegal objective of coercing plaintiff into recognizing such defendant as the sole and only bargaining agent for *965 its employees, despite the fact that plaintiff has a collective bargaining agreement with another union which has been certified as such sole representative by the National Labor Relations Board. Defendant denies that the picketing is for the purpose of forcing plaintiff to enter into a collective bargaining agreement and asserts that the picketing has at all times been peaceful and orderly and is solely for organizational purposes.
If defendant’s statements and contentions are true, the picketing should not be enjoined (Wood v. O’Grady, 307 N. Y. 532; Mighty Knitting Mills v. Sinensky, N. Y. L. J., May 14, 1956, p. 10, col. 8; James Knitting Mills v. Sinensky, N. Y. L. J., Sept. 21, 1954, p. 10, col. 2). On the other hand, under plaintiff’s version, picketing might be enjoined (Goodwin’s Inc. v. Hagedorn, 303 N. Y. 300; Rudnick v. Jacobson, 284 App. Div. 1064). Under the decision of the Appellate Division in Palermo v. Motto (283 App. Div. 746) these disputed issues cannot be decided on conflicting affidavits but must be determined only after a hearing or trial.
Plaintiff’s motion is therefore denied. Issue however is to be joined promptly and the action will be set down at Special Term, Part III, for an early trial subject to the approval of the Justice presiding. Settle order on notice, with a date for trial agreed upon, but if no agreement can be reached, an early date for trial will be inserted by the court upon the settlement of the order.