Louis L. Friedman, J.
Plaintiffs, by order to show cause, move to punish defendant American Book Company and its officers and directors for contempt for failure to furnish a complete bill of particulars as directed by court order.
The application is novel in nature and the relief sought is without cited precedent. The facts are briefly as follows: Plaintiffs, authors of several music books which were published by defendant corporation pursuant to certain written contracts, allege in their complaint that plaintiffs and defendant are in dispute as to the meaning of certain terms and provisions of the *64 said contracts. Plaintiffs seek a declaratory judgment, and recovery, as damages, of royalties to which they claim to be entitled under the contracts. The position of plaintiffs, in this action, is based upon their contention that defendant has illegally and improperly determined, unilaterally, what royalty payments plaintiffs are entitled to receive under the aforesaid contracts.
Under the contracts, sales made by defendant at “ exchange rates ” or transactions whereby the corporate defendant gave away plaintiffs’ books did not carry with them payments of royalties to plaintiffs. Plaintiffs contend that defendant improperly classified a substantial number of transactions as sales at “ exchange rates ” and paid plaintiffs no royalties upon them. The question of sales at exchange rates arises only in connection with sales to States and other governmental agencies and subdivisions. These sales apparently took place in the territory of Alaska and 16 specified States.
Defendant’s answer, in addition to putting in issue the material allegations of the complaint, sets up separate defenses of payment, account stated and laches, and a partial defense of the Statute of Limitations.
In September, 1956 plaintiffs moved for a bill of particulars. Mr. Justice Di G-iovanha, by order dated November 1, 1956, granted the motion in its entirety. Defendant appealed from so much of the order as required it to furnish particulars as to items 1, 2, 5 and 6 set forth in plaintiffs’ notice of motion for the bill of particulars. The Appellate Division on June 10, 1957 unanimously affirmed (4 A D 2d 682) without opinion the order of Mr. Justice Dx GfiovAimA, and said order of affirmance with notice of entry was served upon the attorneys for defendant on June 18,1957. Defendant’s bill of particulars, which was thereafter served on October 10, 1957, complied only in part with the order of the court. There was no compliance with the decretal provisions 5 and 6 of the order, which required the furnishing, in itemized form, of all details concerning transactions involving plaintiffs’ books which were had by defendant in Alaska and 16 States specified in the order. Under items 5 and 6, defendant was required to furnish in detail the following information: Units sold under exchange system and those sold without exchange credit, prices at which they were sold, and units which were given away.
By order to sliow cause dated October 21,1957, plaintiffs made application to punish the defendant eorporatioix axxd its officers and directors for contempt for failure to furnish in their bill of particxdars the particulars called for under items 5 and 6. Mr, *65 Justice Morrissey, by order dated November 14, 1957, denied the motion to punish for contempt but directed the defendant to furnish plaintiffs with a further bill as to the particulars set out under items 5 and 6 within 15 days after service of a copy of the order to be entered therein. Service of the last-mentioned order with notice of entry apparently was made on the attorneys for the corporate defendant as well as personally upon certain of the individual respondents.
With respect to the instant application to punish for contempt, it is plaintiffs ’ contention that as a result of the defendant’s failure to comply with the order of the court requiring the furnishing of particulars as to items 5 and 6, the rights and remedies of plaintiffs will be defeated, impaired, impeded and prejudiced. In support of such contention plaintiffs claim that the particulars which are sought are solely in the possession of defendant and the individual respondents, and that the information is essential if the plaintiffs are to establish the facts necessary to support the allegations of their complaint. Defendant and respondents resist the motion on the ground that such relief is not justified either on the facts or on the law, and on the further ground that they have indicated a willingness to withdraw their affirmative defenses as to which the bill of particulars was ordered.
Section 753 of the Judiciary Law sets forth the instances in which a court of record has power to punish for a civil contempt. It provides in part as follows:
“A. A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases:
É < * * *
£ ‘ 3. A party to the action or special proceeding, an attorney, counsellor, or other person, for the nonpayment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution can not be awarded for the collection of such sum; or for any other disobedience to a lawful mandate of the court. ’ ’
The failure to furnish a complete bill of particulars as ordered by the court does not constitute a disobedience to a mandate of the court within the meaning and contemplation of section 753. In this connection, certain considerations as expressed by the courts of this State should be kept in mind with respect to the *66 relief sought herein. It has been stated that in the light of the purpose of section 753 as a limitation on the power of the court to punish for contempt, the statute should be strictly construed (Dollard v. Koronsky, 67 Misc. 90, affd. 138 App. Div. 213, affd. 199 N. Y. 558). Contempt is a drastic remedy and, therefore, before it is invoked, the right to use it must be clear (Matter of Battista, 176 Misc. 85). To warrant a punishment for contempt in violating a judgment or order of the court, the mandate alleged to have been violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it has been violated (Ketchum v. Edwards, 153 N. Y. 534).
The word ‘ ‘ mandate ’ ’ has been construed to mean a command, order or direction which the court is authorized to give and which a person is bound to obey (Silverman v. Seneca Realty Co., 154 Misc. 35). As has been indicated, the mandate must be clear and definite before a disobedience thereof can constitute a contempt punishable by the court (Matter of Spector v. Allen, 281 N. Y. 251).
The right to a bill of particulars is found in the provisions of rule 115 of the Rules of Civil Practice, which further provides that in the event a party fails to furnish a bill of particulars pursuant to demand or order, the party requiring the bill may move to preclude the pleader from giving evidence at the trial of the items of which particulars have not been delivered, and that where a bill is served but is regarded as insufficient or defective, the party requiring the particulars may apply upon notice for an order of preclusion (Rules Civ. Prac., rule 115, subds. [c], [d]). As has been indicated, the remedy that is provided for a failure to serve a bill of particulars, or for one that is insufficient, is to be found in the same rule of the Rules of Civil Practice as grants the right to a party to require a bill of particulars. An order for a bill of particulars must, accordingly, be construed in the light of the provisions of rule 115 which provide the means of redress to a party for failure of another to furnish the particulars directed by order of the court. So viewed, the order granting a motion for a bill of particulars is not an absolute mandate which requires unconditional compliance therewith; it is, rather, to be deemed an order which allows to the party so ordered alternative choices of action, and it should be construed to mean that if the party that is directed to furnish the bill wishes to prevent the party seeldng the particulars from moving for an order of preclusion, the particulars must be furnished. For the foregoing reasons, *67 defendant’s failure to serve a complete bill of particulars cannot be deemed a disobedience to a mandate of the court.
The plaintiffs’ position is untenable for another reason. Before there can be a contempt punishable under section 753 of the Judiciary Law it must be shown that the act charged was calculated to, or actually did, defeat, impair, impede or prejudice the rights of another party (Dunlop v. Mulry, 40 Misc. 131; Blake v. Bolte, 10 Misc. 333). In view of the fact that plaintiffs herein have available a means of redress expressly prescribed in rule 115 of the Rules of Civil Practice, which would serve to prevent defendant from utilizing to its advantage any failure on its part to furnish the required particulars, it cannot be said that plaintiffs ’ rights or remedies have been or will be adversely affected.
The purpose of requiring the particulars to be furnished, as indicated in the opinion and decision of Mr. Justice Di Gtovanna granting the motion for a bill of particulars, was to limit defendant’s proof with respect to the defenses asserted in the answer. It is not the function of a bill of particulars to assist plaintiffs in obtaining information to establish their causes of action. Examination before trial or discovery and inspection is the proper method of seeking information for such purpose. If the basic order had been one for discovery and inspection, and there was a noncompliance with the provisions thereof, then the instant application would have been proper proeedurally in the light of the provisions of section 325 of the Civil Practice Act. However, since that is not the case here and since noncompliance with the order for a bill of particulars cannot be deemed disobedience to a mandate of the court for the reasons previously indicated, it cannot a fortiori be deemed a willful disobedience to a mandate of the court within the meaning of section 750 of the Judiciary Law covering criminal contempts.
In addition, on the argument of this motion, defendant’s attorneys indicated that the affirmative defenses were to be withdrawn.
Accordingly, the motion to punish for contempt is denied.
Submit order.