Louis B. Heller, J.
Motion by petitioner under section 753 of the Judiciary Law to punish plaintiff for contempt.
The petition alleges that the above-entitled action arose out of a contract between plaintiff and petitioner wherein defendant agreed to convey to plaintiff an interest in certain real property by way of an assignment upon payment of the price agreed upon; that part payment was made on the signing of the contract and the balance was to be payable on April 1, 1961; that plaintiff failed to make the final payment and defendant declared him in default. Defendant moved for summary judgment in the action which was granted and judgment entered thereon. Plaintiff filed a notice of appeal and the appeal is presently pending. Subesquent to the filing of the notice of appeal plaintiff filed the asignment. Petitioner further alleges that a contract has been entered into for the sale of the property and that the purchaser has notified him he will not close title on the date therefor because of the cloud on petitioner’s title by reason of the filing of the assignment by plaintiff.
Petitioner contends that plaintiff’s rights under the assignment were adjudicated in this action and that the filing of the assignment was solely for the purpose of defeating defendant’s rights under the judgment. Subdivision A of section 753 of the Judiciary Law empowers the courts to punish for contempt “ a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded or prejudiced ” (emphasis supplied).
This section was intended as a limitation on the power of the courts to punish for contempts and should be strictly con *86 strued (Dollard v. Koronsky, 67 Misc. 90, affd. 138 App. Div, 213, affd. 199 N. Y. 558; cf. Wolff v. Hubbard, 191 Misc. 647; Bridgman v. American Book Co., 12 Misc 2d 63). Contempt is a drastic remedy and before it is invoked, the right to so do must be clear (Matter of Battista, 176 Misc. 85). A judgment determines the rights of the parties to an action (Civ. Prac. Act, § 472) and after the entry thereof the action is no longer pending and the provisions of section 753 of the Judiciary Law have no application since, by the very language of such section, its provisions are limited to pending actions. The application is denied.