HERMAN FROMME et al., Appellants, *v.* WILLIAM E. GRAY, Respondent.

CONTEMPT OF COURT — FALSE VERIFIED ANSWER — CODE CIV. PRO. § 14. SUB. 2. The interposition, by a party to an action, of a false verified answer, is not a "deceit or abuse of a mandate or proceeding of the court," within the meaning of subdivision 2 of section 14 of the Code of Civil Procedure, and, therefore, is not punishable as a contempt.

Reported below, 14 Misc. Rep. 592.

(Argued March 2, 1896; decided March 10, 1896.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made December 16, 1895, which reversed an order of the General Term of the City Court of New York, affirming an order of Special Term adjudging the defendant guilty of contempt, and discharged the defendant from custody.

In this action, which was brought to recover for the services rendered to the defendant by the plaintiffs as his attorneys, the defendant interposed an answer, putting in issue the material allegations of the complaint, and the action was tried upon the issues formed by the pleadings. Judgment was rendered in favor of the plaintiffs upon the verdict of a jury, and an execution issued upon the judgment was returned only partially satisfied. Supplementary proceedings for the examination of the judgment debtor were had and a receiver of his property was appointed. Having failed to realize anything through the receiver, the plaintiffs made a motion to punish the defendant for contempt of court for making a false answer and verification in the action. That motion was granted and an order was entered adjudging the defendant guilty of contempt for having interposed a false verified answer for the purpose of delaying the plaintiffs, by which misconduct their rights had been impaired and prejudiced. A fine was imposed equal to the amount remaining due upon the judgment. The General Term of the City Court of New York, in which the action and proceedings were had, affirmed

the order, but, upon appeal to the General Term of the Court of Common Pleas for the city and county of New York, the order of the City Court was reversed and the defendant discharged from custody.

*Jacob Fromme* for appellants. The facts show that the defendant has been guilty of contempt of court. (*M. C. Co.* v. *Warshauer*, 28 N. Y. Supp. 139; *N. K. & Co.* v. *Campbell*, N. Y. Law Journal, May 22, 1894; *In re Hall*, 32 N. Y. Supp. 883; *Yates* v. *Lansing*, 9 Johns. 417; *Eagen* v. *Lynch*, 3 Civ. Pro. Rep. 236; *Nathans* v. *Hope*, 5 Civ. Pro. Rep. 401; Chase's Blackstone [2d ed.], 993; *Curtis* v. *Smith*, 1 Chitty, 117; *A'Becket* v. ———, 5 Taunt. 776; *Anon.*, 1 Strange, 384.) The contempt shown was one which the City Court, being a court of record, had power to punish. (Code Civ. Pro. §§ 1314, 2287; *M. C. Co.* v. *Warshauer*, 28 N. Y. Supp. 139; *People ex rel.* v. *Rice*, 144 N. Y. 263; Chase's Blackstone [2d ed.], 992, 993; *Hull* v. *L' Eplatinier*, 5 Daly, 539; *Yates* v. *Lansing*, 9 Johns. 416; *Lawrence* v. *Harrington*, 63 Hun, 196.) Not only had the City Court power to punish, but it became its imperative duty to impose the fine which it did as soon as it was proven that the plaintiffs had suffered loss or injury by reason of the defendant's misconduct. (Code Civ. Pro. §§ 2281, 2284; *M. C. Co.* v. *Warshauer*, 28 N. Y. Supp. 140; *Lansing* v. *Easton*, 7 Paige, 364; *People* v. *Spalding*, 2 Paige, 326; *Clark* v. *Bininger*, 75 N. Y. 345.) This court has jurisdiction of this appeal under subdivision 3 of section 190 of the Code of Civil Procedure. (*Brinkley* v. *Brinkley*, 47 N. Y. 40; *Pitt* v. *Davison*, 37 N. Y. 235; *Levy* v. *Salomon*, 105 N. Y. 529; *N. Y. R. Co.* v. *Rothery*, 112 N. Y. 592; *McEteere* v. *Little*, 8 Daly, 167; *Springfield* v. *Fields*, 13 Daly, 171; *Walsh* v. *Shults*, 6 Civ. Pro. Rep. 126; *Engelage* v. *Raymond*, 18 N. Y. Supp. 365.)

*William B. Hornblower* for respondent. The Code does not authorize an order punishing for contempt for putting in a false answer, or for fraudulently disposing of property, or for

both. (*In re Smith*, 146 N. Y. 68; Code Civ. Pro. §§ 8, 3342, sub. 2; *People ex rel.* v. *Riley*, 25 Hun. 587; *Sherwin* v. *People*, 100 N. Y. 361; Suth. on Stat. Const. § 208; *Hathaway* v. *Johnson*, 55 N. Y. 93.) Not only was the order of the City Court void for want of jurisdiction to make any order punishing the defendant for contempt for interposing a false answer, but it was also irregular and void because the amount of the fine imposed was in excess of the sum the court had power to inflict. (*Moffat* v. *Herman*, 116 N. Y. 131; *Fischer* v. *Raab*, 81 N. Y. 235.)

*Per Curiam.* We are not impressed with the force of the argument which is made in support of the order of the City Court, and we deem it only necessary to state briefly our reasons for affirming the action of the Common Pleas Court. The proposition involved is somewhat startling and can have no support in the provisions of the Code of Civil Procedure; unless found in the very strained construction which has been placed upon subdivision 2 of section 14, which treats of civil contempts. The subdivision mentions as one of the cases, "a party to the action or special proceeding   *   *   *   for any deceit or abuse of a mandate or proceeding of the court." Unless it is found in that provision, authority does not exist elsewhere in the Code. An answer, however, is not "a proceeding of the court" and, of course, it is not a "mandate." A pleading may be a proceeding of the party in court; but it is in no sense a proceeding of the court, to which alone the section has reference. Nor does the use of the word "deceit" affect the question; inasmuch as it must be a deceit of the court, or practiced upon the court, which is punishable and it is absurd to say that a false answer, in any sense, deceives the court. The court is not misled by it; nor regards it otherwise than as a defense, which raises an issue to be tried by it. If we assume that the defendant perjured himself in interposing the verified answer in question, then his punishment must be left to the criminal branch of the court; where, after proper proceedings, he may be tried by a jury for the offense as

charged in an indictment. The Special Term decisions, to which we have been referred, we deem to have been made without a proper or careful consideration of the matter.

The opinion delivered at the General Term satisfactorily discusses the question, and we think its order was correct and that it should be affirmed, with costs.

All concur.

Order affirmed.