(31 Misc. Rep. 464.)

### BERNHEIMER et al. v. KELLEHER.

(Supreme Court, Appellate Term. May 1, 1900.)

1. CONTEMPT—FALSE SWEARING.
   Defendant, who, in proceedings supplementary to execution, testified he had never transferred any property to his brother, whereas two weeks earlier he had given him a bill of sale of a saloon, was not guilty of contempt, under Code Civ. Proc. § 14, subds. 2, 3, authorizing the punishment of a party to an action for any deceit or abuse of a mandate or interference with a court proceeding.

2. APPEAL—FINDINGS—ABSENCE OF EVIDENCE—EFFECT.
   A finding that defendant's false swearing was prejudicial to plaintiff's rights is not binding on appeal, where unaccompanied by evidence supporting it.

3. CONTEMPT—FALSE SWEARING—PREJUDICE TO PARTY.
   Defendant falsely swearing in supplementary proceedings that he had transferred no property to his brother, only had the effect of concealing a fact which would have laid the foundation for an action against the brother, but interposed no obstacle to such action, and hence was not contempt, within Code Civ. Proc. § 14, providing that no act can be punished as contempt unless a right or remedy of a party may be thereby defeated, impaired, impeded, or prejudiced.

Appeal from city court of New York, general term.

Action by Simon E. Bernheimer and another against Daniel Kelleher. From a judgment of the general term of the city court affirming a judgment finding defendant guilty of contempt (see 61 N. Y. Supp. 1125), he appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Lyman W. Redington, for appellant.
Rose & Putzel, for respondents.

PER CURIAM. This is an appeal by the defendant, a judgment debtor, from an order of the general term of the city court affirming an order of the special term, whereby he was adjudged guilty of contempt, and fined the amount of the judgment against him, and $30 costs, amounting in all to $968.26. The alleged contempt consisted in this: That upon his examination in proceedings supplementary to execution the defendant swore that he had never transferred to his brother any property of any kind, or an interest in any saloon, and had never executed to said brother any written instrument of any kind, or had any business dealings with him, or transferred any property of any kind to him, whereas, in fact, he had some two weeks earlier transferred to his brother a saloon, by a bill of sale executed by him, and filed in the office of the register of the county of New York. The defendant attempted to show that, while his testimony was apparently false, yet he had not been guilty of willful false swearing. The justice at special term found against him on this point, and for the purposes of this appeal it may be assumed that he willfully and intentionally perjured himself. The question then remains whether false swearing by a judgment debtor, upon his examination in supplementary proceedings, touching the disposition of his property is a contempt for which he can be punished by fine and imprisonment. If it is, it must be found to be embraced within some of the definitions furnished by the Code of Civil Procedure. It clearly is not a criminal contempt, as defined by section 8. It is not defined in any of the subdivisions of section 14 relating to civil contempts, unless it be under subdivision 2 or 4. Subdivision 2 authorizes punishment of "a party to the action or special proceeding for putting in fictitious bail, or fictitious surety, or for any deceit or abuse of a mandate or proceeding of the court." Clearly, the defendant's offense does not fall within this section. He did not put in any surety or bail, fictitious or otherwise, and he did not abuse any mandate or proceeding of the court. Fromme v. Gray, 148 N. Y. 695, 43 N. E. 215. Nor was he guilty of deceit, within the meaning of the subdivision; for that deceit manifestly means deceit practiced upon the court in procuring its mandate or process. Id., 14 Misc. Rep. 592, 36 N. Y. Supp. 1107. Nor was the defendant guilty of any unlawful interference with any proceeding in court, which by subdivision 4, § 14, may be punished as a contempt. The respondents cite us several authorities which are not in point, because they refer to cases of perjurious justification by sureties, which are expressly provided against in subdivision 2, Id.

A further objection to the order appealed from is that it does not appear that any right or remedy of the plaintiffs was defeated, impaired, impeded, or prejudiced by the defendant's perjury. None of the acts specified in section 14 of the Code can be punished as a contempt, unless it appears that thereby a right or remedy of a party may be defeated, impaired, impeded, or prejudiced. It is true that the justice at special term found that the defendant's misconduct had this effect, but this finding is not binding upon this court unless there is to be found in the papers some evidence to support it. There is no such evidence. The only effect of the defendant's evidence as to a transfer to his brother, if he had answered truly, would have been to have laid the foundation for an action against the brother. The false testimony was given on August 22d. The transfer to the brother had been made and filed on August 11th, and the fact of its making and filing was known to the plaintiffs at least as early as August 23d. The defendant's false swearing interposed no obstacle to any proceeding against the brother, and therefore cannot be said to have defeated, impaired, impeded, or prejudiced any remedy the plaintiffs may have had against the assigned property. Proceedings to punish a party as for a contempt are not to be lightly entertained, since they involve the liberty of a citizen. In a proper case, the court should not be slow to assert and enforce its authority, but its summary process in this regard can be invoked only in the cases prescribed by statute. No such case is presented here.

It follows that the order of the special term and general term of the city court must be reversed, with costs.