---

(73 App. Div. 137.)

### MANZELLA v. RYAN.

(Supreme Court, Appellate Division, Fourth Department. June 6, 1902.)

CONTEMPTS—CONDUCT OF A WITNESS.

Code Civ. Proc. § 14, subd. 5, authorizing a court of record to punish a witness for contempt in refusing or neglecting to answer as a witness, emphasized by section 2281, providing for a final order directing the punishment of the delinquent, does not authorize the committal of a witness for contempt for evasive and contumacious conduct.

Appeal from special term, Erie county.

Action by Carmele Manzella against Matthew Ryan. From an order adjudging the defendant guilty of contempt for conduct as a witness in proceedings supplemental to execution, he appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

W. J. Creamer, for appellant.

Herman J. Westwood, for respondent.

SPRING, J. The appellant, a judgment debtor, was examined before a referee in proceedings supplemental to execution, and was

adjudged guilty of contempt of court—in the language of the order of the special term—"on account of his failure and refusal to answer certain proper and legal questions put to him in his examination herein before Fred B. Skinner, referee, the said failure and refusal being his evasive and contumacious conduct in testifying upon such examination." For the alleged misconduct he was directed to pay a fine of $50, to apply on the judgment against him, $25 costs and expenses, and that he be committed to the county jail by the sheriff, "to be there detained in close custody until he shall pay said sum, together with the fees of the said sheriff, or until he be discharged according to law." Section 14 of the Code of Civil Procedure vests a court of record with power to punish for "a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases." And by subdivision 5 of the section refusal or neglect "to answer as a witness" is one of the cases enumerated. It will be observed that the exercise of this power is founded upon the impairment in some way of a "right or remedy" of a party to the action or proceeding. This is further emphasized by section 2281 of the Code, which provides for the granting of a final order directing the punishment of the delinquent "if it is determined that the accused has committed the offense charged, and that it was calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to an action." Fischer v. Raab, 81 N. Y. 235; Wolfe v. Knight, 15 Misc. Rep. 438, 37 N. Y. Supp. 210; Association v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933. The order in this case merely adjudges that the judgment debtor was guilty of "evasive and contumacious conduct," which is not one of the grounds prescribed for intervening by this oppressive punishment, and there is no determination of the loss or impairment to the respondent of any remedy which he might have resorted to because of this misconduct of the judgment debtor. This omission renders the order fatally defective. Dailey v. Fenton, 47 App. Div. 418, 62 N. Y. Supp. 337, and cases cited above. Aside from the fact of this omission in the order, there is nothing in the evidence which indicates that the respondent has suffered by any impairment of any legal right or remedy which he may have. The judgment debtor apparently answered, although in an equivocal and unsatisfactory way, every question put to him; and, if he answered falsely, punishment for contempt of court is not the redress for that offense. Fromme v. Gray, 148 N. Y. 695, 43 N. E. 215; Bernheimer v. Kelleher, 31 Misc. Rep. 464, 64 N. Y. Supp. 409. The order should be reversed, with $10 costs and disbursements of this appeal, and the motion to punish for contempt denied, with $10 costs.

Order reversed, with $10 costs and disbursements of this appeal to the appellant, and the motion to punish for contempt denied, with $10 costs. All concur.