### GORDON et al. v. FELDBERG.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—ORDER—STATEMENT OF FACTS.

  An order adjudging a judgment debtor guilty of contempt of court and imposing a fine, with imprisonment in case of nonpayment which recites that it appeared to the judge making the order that answers by the judgment debtor on his examination in supplementary proceedings, disclaiming knowledge of certain matters, showed a willful attempt to frustrate the purpose of the examination and prevent the ascertainment of the truth, and delayed and defeated the rights of creditors, is fatally defective, in that it does not contain any adjudication of the specific facts deemed to constitute a contempt.

  [Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

Appeal from Kings County Court.

Supplementary proceedings by Morris Gordon and another against Henry B. Feldberg. From an order adjudging defendant in contempt, he appeals. Determination of County Court annulled.

See, also, 132 N. Y. Supp. 1130.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Louis B. Williams, for appellant.

Louis J. Gold, for respondents.

CARR, J. This is an appeal from an order of a county judge of Kings county, dated November 28, 1911, which adjudged the appellant guilty of contempt of court because of his answers to certain questions put to him on an examination in supplementary proceedings in which he was the judgment debtor. The amount remaining unpaid on the judgment was $39.31, and this amount, together with

the sum of $30 costs in the proceeding, was imposed as a fine upon the judgment debtor. Provision was made in said order for the imprisonment of the judgment debtor for 30 days in the Kings county jail, in the event that he failed to pay the fine so imposed upon him. The motion to punish the judgment debtor for contempt was based upon the examination taken in the supplementary proceedings, and the particular complaint made against him was that in answering some questions that were put to him he disclaimed knowledge or recollection of the matters covered by these questions. The order contains a recital as follows:

"It appearing to my satisfaction that the testimony given by the judgment debtor shows a willful and deliberate attempt to frustrate the purposes of the examination and to prevent the ascertainment of the truth, and it appearing that the judgment debtor, Henry B. Feldberg, was willfully evading the questions by a disclaimer of knowledge or recollection of matters concerning which it is incredible that he should have wholly forgotten of personal transactions and facts that must have been within his knowledge, and it appearing to my satisfaction that such testimony was calculated to and did impair, impede, prejudice, delay, and defeat the rights and remedies of the judgment creditors herein."

The order then proceeds to direct the granting of the motion and contains a formal adjudication as follows:

"And the judgment debtor, Henry B. Feldberg, is hereby adjudged guilty of a contempt of this court, and is hereby fined the sum of $69.31."

I think this order is fatally defective, in that it does not contain any adjudication as to the specific facts which the county judge deemed to be a contempt of court. If the recital in the order which has been quoted above can be deemed to be an adjudication, yet it is not an adjudication of the particular circumstances of the relator's offense, as it is but a general description of the court's impression of the whole examination of the judgment debtor. Under the rule laid down in People ex rel. Barnes v. Court of Sessions, 147 N. Y. 290, 41 N. E. 700, and People ex rel. Palmieri v. Marean, 86 App. Div. 278, 83 N. E. 843, the order from which the judgment debtor appeals seems fatally defective.

The determination should be annulled, with $10 costs and disbursements. All concur.