(90 Misc. Rep. 346)

## MOYNIHAN v. DEVANEY.

(Supreme Court, Appellate Term, First Department. May 21, 1915.)

1. EXECUTION ⬤⇒416—INJUNCTION IN SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

After an order appointing a receiver, a judgment debtor could not be punished for any disobedience of an injunction, obtained in the original order for his examination in supplementary proceedings, forbidding him from disposing of his property, since the injunction continued only till the appointment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1195–1204; Dec. Dig. ⬤⇒416.]

2. EXECUTION ⬤⇒417—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.

A judgment debtor, who on his examination in supplementary proceedings answered the questions directly and stated under oath that he did not then own the property in question, could not be punished for a contempt merely because his testimony as to his ownership was false, as upon the bare issue of perjury he was entitled to a jury trial under the safeguards of the criminal law.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. ⬤⇒417.]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Mary Moynihan, as judgment creditor, against James Devaney, as judgment debtor. From an order adjudging him guilty of contempt, and also from an order denying a motion for an order allowing the examination of such debtor in supplementary proceedings to be opened for the purpose of submitting other and further testimony in opposition to the motion made to punish him for contempt, the debtor appeals. Order punishing for contempt reversed, and appeal from order denying motion to open supplementary proceedings dismissed.

See, also, 153 N. Y. Supp. 666.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

John J. Halligan, of New York City (William D. Bosler, of New York City, of counsel), for appellant.

Thomas A. McGrath, of New York City, for respondent.

LEHMAN, J. The judgment creditor on November 3, 1913, obtained a judgment for $539.53. Execution was duly issued upon said

judgment and returned unsatisfied. Thereafter an order for the examination of the judgment debtor was made. The order contained the usual injunction forbidding the judgment debtor from transferring or making any disposition of any property belonging to him. Pursuant to this order the judgment debtor appeared and testified under oath that he was not the owner of or interested in the liquor business conducted in the premises at Eighth avenue and Fifty-Fourth street, and that he managed this business solely for the benefit of the seven infant children of a deceased brother, who had been the real owner of the business. After the examination was closed, a receiver of the property of the judgment debtor was duly appointed and qualified, but apparently obtained possession of no property of the judgment debtor. It appears, however, that about a year thereafter the judgment debtor made a bill of sale of this saloon in his own name for an expressed consideration of $2,500, and the bill of sale contains express covenants of title and right to convey. Upon these facts appearing, the judgment creditor obtained an order to show cause why the judgment debtor should not be punished for contempt in failing to obey the injunction order of the court and in making false statements on his examination in supplementary proceedings.

Upon the return day the judgment debtor was given an opportunity to explain the discrepancy between his statements at the examination that he was not the owner of the saloon business and the express covenants of title and right to convey in the bill of sale, and his only explanation was that he made the bill of sale for convenience, since the actual owners had no legal capacity to convey. The justice at Special Term refused to believe this testimony, and held that the judgment debtor was in fact the owner of the property, and had willfully suppressed this fact at his examination, and had "willfully and premeditatedly evaded a statement of facts relating to his property," and thereupon he fined the judgment debtor the amount of the judgment and costs of the proceeding and motion.

In appealing from the order adjudging him in contempt, the judgment debtor raises various points as to the amount of the fine, and also as to the sufficiency of the evidence upon which the adjudication that he had sworn falsely upon his examination, and that such false swearing resulted in actual damage to the judgment creditor, are based. Inasmuch, however, as I think that the court was as a matter of law entirely without jurisdiction to punish the judgment debtor in this proceeding, these points need not be considered.

[1, 2] There is no doubt that the judgment debtor cannot be punished for any disobedience of the injunction order obtained in the original order of examination, for the injunction continued only until the further order of the court, and the order appointing the receiver constituted such an order. The learned justice at Special Term therefore correctly decided that the motion to punish for contempt must rest upon the failure of the judgment debtor to give true testimony at his examination as to the ownership of the saloon subsequently transferred to him. Assuming that this testimony given was false, yet the false swearing in itself cannot lay the basis for an order punishing the

witness for contempt. That point was directly determined by this court in Bernheimer v. Kelleher, 31 Misc. Rep. 465, 64 N. Y. Supp. 409, and the learned justice at Special Term expressly recognized the binding nature of that decision. He decided, however, that inasmuch as the judgment debtor swore that he did not own the property he was guilty of a "premeditated evasion of a statement regarding his property, as well as suppressing the fact of its ownership when interrogated with respect thereto," and that he may be punished for such evasion. The difficulty with that conclusion is that the judgment debtor certainly did not evade an examination nor contumaciously refuse to answer questions. On the contrary, he answered the questions directly, and swore then, as he does now, that he did not own the property in question; and unless the court now has power to determine summarily that this statement is false, and to punish for such falsehood, I cannot see how the order under consideration can be sustained.

It is urged that the decision of Matter of Becker v. Gerlich, 72 Misc. Rep. 157, 129 N. Y. Supp. 614, is authority for this order. In that case, however, the judgment debtor contumaciously refused to give testimony on his examination, either true or false, but shielded himself with the plea of "I don't remember," under circumstances which made those words equivalent to "I refuse to answer," and for such refusal he was punished. Where, however, the judgment debtor does answer the question directly, he has not refused to answer, nor has he evaded the questions, and he cannot be punished for a contempt if he answers falsely. Upon the bare issue of perjury he is entitled to a trial before a jury under the safeguards of the criminal law. The order punishing the judgment debtor for contempt should therefore be reversed, with costs, and the motion denied.

Order punishing the debtor for contempt reversed, with $10 costs and disbursements. Appeal from order denying motion to open the supplementary proceedings dismissed, without costs, but with disbursements. All concur.