In the Matter of Supplementary Proceedings of SILBERMAN DAIRY COMPANY, Respondent, v. PETER ECONOPOULY, Appellant, Impleaded with LOUIS ECONOPOULY, Defendant.

Second Department, March 9, 1917.

Execution — supplementary proceeding — contempt — false testimony by judgment debtor — practice — failure of court to adjudicate as to facts constituting contempt.

Where a judgment debtor, in obedience to an order in supplementary proceedings, has appeared and answered questions asked, he cannot be adjudged guilty of contempt under the provisions of section 2457 of the Code of Civil Procedure because he has not made true answers to the questions put to him.

Moreover, an order holding such judgment debtor in contempt must be reversed where it does not contain an adjudication as to the specific facts which the court deemed to be a contempt.

APPEAL by the defendant, Peter Econopouly, from an order of the county judge of Kings county, entered in the office of the clerk of said county on the 27th day of October, 1916, adjudging the appellant guilty of contempt of court, and punishing him by a fine of $250 and $30 costs.

The motion to punish was based upon said defendant's examination as a judgment debtor in supplementary proceedings, the contention being that in answering questions he willfully and intentionally withheld testimony, and that his conduct in testifying was evasive.

*Harry M. Marks* [*Henry Pearlman* with him on the brief], for the appellant.

*Nathan D. Shapiro,* for the respondent.

RICH, J.:

The order recites the issuance of an order requiring the appellant to show cause " why he should not be punished as and for a contempt of court for having wilfully and intentionally withheld testimony in this proceeding and for his evasive conduct in testifying herein." It then proceeds, " and it appearing to the satisfaction of this court that the said judgment debtor Peter Econopouly has committed the contempt of court hereinbefore mentioned; " it adjudges and decrees " that the said judgment debtor Peter Econopouly is guilty as and for a contempt of court for having wilfully, deliberately and contemptuously withheld material testimony in the examination herein, for having evasively and wrongfully conducted himself in the giving of such testimony and for giving testimony which was misleading." Upon his examination the appellant testified: " I don't know who the president of the company is. None of my brothers are stockholders, officers or employees of the company. I am paid my wages by George Bulibash, the bookkeeper. * * * I don't know any other bosses of the company. No member of my family is in any way interested in the company." A day later a brother of the appellant was sworn and testified that he was employed by the company as a cashier, and had been in their employ since July 4, 1916, and that he was employed by his brother, the

appellant.   Subsequently George Bulibash testified that appellant's brother was employed by the company and that the appellant was its president and his wife was its secretary and treasurer; that the salary of the appellant was paid him by the treasurer, and that he, the witness, never paid him anything; that the appellant employed his brother and fixed his compensation.   While it may be true that the appellant did not make true answers to questions put to him upon his examination, it appears that he answered all questions put to him, and I am unable to find any evidence that any question was evasively answered.   The appellant complied with the order by appearing and submitting to an examination, and there is no evidence tending to show his disobedience of any order or direction of the court.   It follows, therefore, that his conviction for contempt was not warranted and cannot be upheld under the provisions of section 2457 of the Code of Civil Procedure.   (*Matter of Shorwitz* v. *Caminez,* 152 App. Div. 758; *Baum* v. *Rosenberg,* 155 N. Y. Supp. 404.)   The fact, if it be a fact, that appellant did not truthfully answer some of the questions asked of him, did not justify his conviction of contempt.   (*Matter of Ryan,* 73 App. Div. 137, 139; *Fromme* v. *Gray,* 148 N. Y. 695; *Moynihan* v. *Devaney,* 90 Misc. Rep. 346; *Matter of Hurwitz* v. *Bernstein,* 156 App. Div. 913.)   There is an additional reason why this order must be reversed.   It does not contain any adjudication of the specific facts which the learned County Court deemed a contempt, and is for that reason fatally defective.   (*Matter of Gordon* v. *Feldberg,* 149 App. Div. 246.)   As these conclusions require reversal it is not necessary to consider the other questions presented.

The order of the County Court of Kings county should be reversed, with ten dollars costs and disbursements to the appellant.

JENKS, P. J., THOMAS and MILLS, JJ., concurred; PUTNAM, J., concurred in the result.

Order of the County Court of Kings county reversed, with ten dollars costs and disbursements to the appellant.