In the Matter of Supplementary Proceedings: JOHN MIELE, Plaintiff and Judgment Creditor, *v.* FELICIANO ACIERNO and Another, Defendants and Judgment Debtors.

Supreme Court, Kings Special Term, March, 1924.

*Contempt — witness who deliberately answers untruthfully is guilty of contempt — motion to punish judgment debtor for contempt denied.*

MOTION to punish judgment debtor for contempt.

*Walter A. Werner,* for judgment creditor.

*George H. D. Foster,* for judgment debtors.

CROPSEY, J. I have difficulty in grasping the reason underlying those decisions that hold that willful perjury committed upon a trial or hearing or in an affidavit submitted to the court, may not be punished as a contempt. *Matter of Silberman Dairy Co.* v. *Econopouly,* 177 App. Div. 97. The refusal of a witness to answer may be so punished. *Kendrick* v. *Wandall,* 88 Hun, 518. But it is said that if instead of refusing to answer a witness deliberately answers untruthfully he is not in contempt. If such be the rule, the witness who is unwilling to make an untruthful answer and yet is not willing to tell what he knows, and so remains silent, commits a contempt, while the witness who is equally unwilling to say what he knows, but who instead of remaining mute, readily gives an answer he knows to be false, has not offended. I cannot subscribe to a rule that produces such a result. Nor is it in my opinion any answer to say that in the case of a false answer, the witness may be prosecuted for perjury. The question of a contempt of court has no relation to the commission of a crime. It affects the dignity of the court and the integrity of all proceedings conducted therein. For a witness to deliberately swear falsely with a view to defeating justice is a more serious affront to the court than for him merely to refuse to answer. When a witness is required to answer, he is obligated to answer truthfully. He has no more complied with the direction when he gives a false answer than when he does not answer at all. In either situation he should be equally guilty of contempt. See *Matter of Gordon* v. *Feldberg,* 149 App. Div. 246; *Matter of Shorwitz* v. *Caminez,* 152 id. 758; *People ex rel. Nunns* v. *County Court,* 188 id. 424, 439, 440; *Matter of Steiner,* 195 Fed. Rep. 299; *U. S.* v. *Appel,* 211 id. 495. But in the case at bar as the contempt consisted not only of the false testimony, this question is not decisive of the motion and will not be discussed at greater length.

Motion denied.

Ordered accordingly.