CAROLINE L. GERNHARDT, Plaintiff, *v.* JOHN BOLAND, Defendant.

City Court of the City of Yonkers, October 20, 1925.

Contempt — civil contempt — filing false petition and giving false testimony by landlord in summary proceedings to dispossess does not constitute civil contempt of court, under Judiciary Law, § 753.

A landlord cannot be prosecuted for civil contempt, within the meaning of section 753 of the Judiciary Law, though said landlord practiced a deliberate fraud upon the court by presenting a false petition and subsequently supported it by false testimony, since neither the filing of the false petition nor the false swearing constitutes civil contempt of court.

MOTION by defendant, in summary proceedings to dispossess, to punish plaintiff for civil contempt.

*James F. Dalton,* for the plaintiff.

*Irvin E. Klein,* for the defendant.

GORFINKEL, Acting City Judge:

The tenant in this proceeding is seeking to punish the landlord for a civil contempt of court. Section 753 of the Judiciary Law, which defines civil contempt, is the basis of the motion. That section, so far as applicable here, provides as follows:

" A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced in either of the following cases * * *.

" 2. * * * or for any deceit or abuse of a mandate or proceeding of the court."

The tenant urges on this motion that the landlord deceived this court and impeded, prejudiced and defeated the rights of the tenant, the petitioner herein. The facts may be briefly stated as follows: The landlord is the owner of premises No. 125 Lake avenue, Yonkers, N. Y., wherein the tenant occupied an apartment. On or about May 1, 1924, the landlord caused to be served upon the tenant a written notice requiring him to vacate the apartment on the 1st day of June, 1924, on the ground that the landlord wanted the rooms for her own personal use and occupancy as a dwelling. The tenant not having complied with this demand was served with a verified petition and a precept by the landlord requiring the tenant to show cause why a warrant should not be issued for the tenant's removal. An answer was filed by the tenant to the petition denying the landlord's good faith, and issues were tried in this court on June 28, 1924. At the trial the landlord swore that she desired the apartment in good faith, to be used by her as a dwelling. The court, after hearing the testimony, granted the landlord's petition and a warrant was thereafter issued and the tenant was removed from the apartment on or about July 30, 1924.

I have carefully read the moving and answering affidavits filed upon this motion and my conclusion is that the landlord never intended to use or occupy the apartment and that her petition was not made in good faith. The conduct of the landlord deserves the severest condemnation. She has deceived and practiced a deliberate fraud upon this court. Her petition in my opinion was false, her testimony at the trial was false, and the court has no hesitancy in making these findings from the affidavits submitted.

The question then arises whether this reprehensible conduct upon the part of the landlord in her proceedings to dispossess the tenant constitutes a contempt of court within the meaning of section 753 of the Judiciary Law.

The filing of the false petition by the landlord is not a contempt of court. A petition in a summary proceeding is a pleading, and the established law is that the filing of a false pleading is not a contempt of court. This was directly held in the case of *Fromme* v. *Gray* (148 N. Y. 695).

The only remaining question, therefore, is whether the giving of false testimony by the landlord at the trial constitutes a contempt of court. In determining that question we are met by the well-settled rule that false swearing does not constitute a civil contempt. (See *Bernheimer* v. *Kelleher,* 31 Misc. 464; *Matter of Silberman Dairy Company* v. *Econopouly,* 177 App. Div. 97; *Matter of Ryan,* 73 id. 137; *Moynihan* v. *Devaney,* 90 Misc. 346; *Ex parte Hudgings,* 249 U. S. 378; *Dollard* v. *Koronsky,* 67 Misc. 90, 101.) But there is no general rule, however, that perjury cannot be punished as a contempt. (*Ex parte Hudgings, supra.*) To be so punishable, however, it must be something other than perjury in open court or otherwise upon the strength of which an order or decree passes. For instance, in *U. S.* v. *Appel* (211 Fed. 495), approved by the United States Supreme Court in *Ex parte Hudgings* (*supra*), there was persistent perjury amounting to a refusal to testify, and the learned court there said (p. 496): " Nevertheless, this power must not be used to punish perjury, and the only proper test is whether on its mere face, and without inquiry collaterally, the testimony is not a *bona fide* effort to answer the questions at all." (See cases collated in 11 A. L. R. 342.) This application also should not be confounded with cases where fictitious bail or security is given to procure or vacate or otherwise affect a mandate of the court.

It is well settled that a surety who justifies falsely or one who gives a fictitious undertaking is guilty of contempt, but these cases rest upon an entirely different basis from the case now before me. (See *Dollard* v. *Koronsky, supra,* and cases cited at p. 99.)

A comparatively recent case, where false affidavits by a surety in a replevin action resulted in the taking of property and was held a contempt is *Matter of Goslin* (95 App. Div. 407; affd., 180 N. Y. 505). That was a direct deceit practiced upon the court. By force of the statute the property was seized upon giving of a proper undertaking, and false justification by a surety in the undertaking operated as a direct deceit upon the court.

It seems that the test is whether the perjury operates as a direct deceit, and that is clearly necessary under our statute. Of course, all perjuries committed in open court or by means of false pleadings or affidavits may operate more or less directly as a deceit upon the court. If the court believes the false testimony and acts upon it, it is a deceit; but that clearly cannot be carried to the extent that every witness who commits perjury in open court or who submits false affidavits or puts in false pleadings is guilty of contempt.

In the present case nothing passed upon the false petition. It was merely a pleading and its allegations were denied by the tenant. The petitioner, the landlord, testified falsely in court and it was upon the strength of that false testimony that the final order against the tenant was made. If this constitutes a contempt of court, then every case, in which perjury on one side or the other is charged, would have to be tried over again in a proceeding to punish for contempt.

I, therefore, am forced to hold that the act of this landlord in giving false testimony upon the hearing does not constitute a contempt of court. In making this decision I have not overlooked the recent case of *Agatowski* v. *Novinsky* (124 Misc. 305), where in a similar proceeding the learned court there held the landlord guilty of a civil contempt. I cannot, however, follow that decision in view of the established principles of law as laid down by the higher courts, which in my opinion are contrary to the reasoning of the learned judge in the *Agatowski* case. I have also in mind the case of *Matter of Miele* v. *Acierno* (122 Misc. 872), where it was held that willful perjury by a witness at a trial or hearing may be punished as a contempt of court. That decision, however, is in my opinion contrary to the rule laid down by the Appellate Division in our department in the case of *Matter of Silberman Dairy Company* v. *Econopouly* (*supra*), which authority is controlling on this court, and I am bound to follow it.

If the landlord committed perjury then her punishment must be left to the criminal court and the entire case should be presented to the grand jury. I, therefore, hold that the acts of the landlord in this proceeding do not constitute a civil contempt within the meaning of the Judiciary Law.

Motion denied.