In the Matter of CHARLES FERGUSON, Judgment Creditor, *v.* MARIE PERK, Judgment Debtor.

City Court of New York, Bronx County, September 17, 1930.

*Anthony P. Ruffalo*, for the judgment creditor.

*Michael N. Delagi*, for the judgment debtor.

Koch, J. This is a motion to punish the judgment debtor for contempt of court on the ground that she gave a false answer to a question put to her during the course of her examination in supplementary proceedings. The moving papers allege that the debtor was asked whether or not she was employed on May 12, 1930, the date of examination; that she answered that she was not, and that this answer was false. An order to show cause was then obtained bringing on a motion to punish her for contempt. The judgment debtor appeared and admitted to me in open court that the answer was false.

The power to punish a person for contempt for disobedience of an order in supplementary proceedings is granted by section 800 of the Civil Practice Act. This power, however, is limited by the Judiciary Law which provides: Section 753: " A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: 1. An attorney  *  *  *  or other person,  *  *  *  for disobedience to a lawful mandate of the court, or of a judge thereof," etc. Section 770: " If it is determined that the accused has committed the offense charged; and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge or referee; the court, judge, or referee must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of commitment must issue accordingly."

There can be no doubt that the deliberate and admitted perjury in reference to the judgment debtor's income was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the judgment creditor, because, had the judgment creditor received truthful information, he could have proceeded to garnishee the judgment debtor's earnings. The only question, therefore, which is presented by this motion is whether or not deliberate and admitted perjury is a " disobedience to a lawful mandate of the court, or of a judge thereof." There has been called to my attention what appears to be a leading case in this State holding that false swearing does not justify punishment for contempt. (*Matter of Silberman Dairy Co.* v. *Econopouly*, 177 App. Div. 97, 99.) In this case the court said: " The fact, if it be a fact, that appellant did not

truthfully answer some of the questions asked of him, did not justify his conviction of contempt. (*Matter of Ryan*, 73 App. Div. 137, 139; *Fromme* v. *Gray*, 148 N. Y. 695; *Moynihan* v. *Devaney*, 90 Misc. 346; *Matter of Hurwitz* v. *Bernstein*, 156 App. Div. 913.) " As this conclusion was based on the four cases above cited, I have carefully read all of them, and after careful consideration am constrained to say that I cannot agree with the conclusion reached by the learned court.

In *Matter of Ryan* the court said: " The judgment debtor apparently answered, although in an equivocal and unsatisfactory way, every question put to him, and, if he answered falsely, punishment for contempt of court is not redress for that offense. (*Fromme* v. *Gray*, 148 N. Y. 695; *Bernheimer* v. *Kelleher*, 31 Misc. 464.) " It appears from this quotation that the court based its decision on *Fromme* v. *Gray* and *Bernheimer* v. *Kelleher*, neither of which is in point.

In *Fromme* v. *Gray* the court held that a false answer interposed as a pleading did not justify punishment for contempt, saying: " An answer, however, is not ' a proceeding of the court ' and, of course, it is not a ' mandate.' A pleading may be a proceeding of the party in court; but it is in no sense a proceeding of the court, to which alone the section has reference. Nor does the use of the word ' deceit ' affect the question; inasmuch as it must be a deceit of the court, or practiced upon the court, which is punishable and it is absurd to say that a false answer, in any sense, deceives the court. The court is not misled by it; nor regards it otherwise than as a defense, which raises an issue to be tried by it."

In *Bernheimer* v. *Kelleher* the court said: " The question then remains whether false swearing by a judgment debtor, upon his examination in supplementary proceedings, touching the disposition of his property is a contempt for which he can be punished by fine and imprisonment. If it is, it must be found to be embraced within some of the definitions furnished by the Code of Civil Procedure. It clearly is not a criminal contempt, as defined by section 8. It is not defined in any of the subdivisions of section 14 relating to civil contempts, unless it be under subdivision 2 or 4. Subdivision 2 authorizes punishment of ' a party to the action or special proceeding for putting in fictitious bail, or fictitious surety, or for any deceit or abuse of a mandate or proceeding of the court.' Clearly, the defendant's offense does not fall within this section. He did not put in any surety or bail, fictitious or otherwise, and he did not abuse any mandate or proceeding of the court. (*Fromme* v. *Gray*, 148 N. Y. 695.) Nor was he guilty of deceit, within the meaning of the subdivision, for that deceit manifestly means deceit practiced upon the

court in procuring its mandate or process. (*Fromme* v. *Gray*, 14 Misc. 592.) Nor was the defendant guilty of any unlawful interference with any proceeding in court, which by subdivision 4, section 14, may be punished as a contempt." It is obvious from the above quotation that the court wholly overlooked that subdivision which authorizes punishment for " disobedience to a lawful mandate of the court or of a judge thereof."

In the case of *Moynihan* v. *Devaney* the court held that, where the truth of the answer is in issue, the judgment debtor cannot be punished for contempt, saying: " Upon the bare issue of perjury, he is entitled to a trial before a jury under the safeguards of the criminal law."

In *Matter of Hurwitz* v. *Bernstein* the court held that, where title to property is in dispute, the court cannot punish the judgment debtor for contempt upon affidavits alleging that his answers were false. In the language of the court: " The title to the property being in dispute, its ownership can only be ascertained in a proceeding instituted by the receiver. The debtor cannot be punished for a criminal contempt upon a motion, even though the affidavits presented to the judge tend to establish that the evidence given by him relating to such ownership is untrue."

Of the four cases just discussed, upon which the learned court relied in *Matter of Silberman Dairy Co.* v. *Econopouly*, only the *Moynihan* case specifically decided the question of the power to punish for contempt for false swearing. In that case, however, the judgment debtor denied the false swearing and the court did not decide that he could not be punished for false swearing, but merely held that the issue of whether or not he committed perjury could not be tried out on a motion to punish for contempt. The *Silberman* case having been decided on the authority of four cases which apparently do not specifically hold that false swearing cannot be punished as a contempt, I do not feel constrained by the rule of *stare decisis* to follow a decision which chains and fetters the judicial process and renders nugatory the valuable remedy of supplementary proceedings.

It is well-settled law that a refusal to answer a question in an examination in supplementary proceedings can be punished as a contempt of court. The distinction between a refusal to answer and a false answer is a distinction without a difference. The order in question provided: " I do hereby order and require * * * to appear * * * to be examined under oath concerning her property." To be examined under oath, in all common sense carries with it the obligation to answer truthfully. If the English language means anything, it means just that. If the sanctity of an oath, the

dignity and integrity of the court, and the efficacy of its proceedings are to be given their proper and generally accepted value, then the court must possess the power to punish deliberate and admitted perjury. The climax is reached if a judgment debtor can appear in open court and brazenly admit deliberate perjury and go unpunished. It is only after careful consideration that I have reached a conclusion that may appear to be novel and lacking in precedent. I have some comfort, however, in the inspiring words of a master of jurisprudence: " Through one agency or another, either by statute or by decision, rules, however well established, must be revised when they are found after fair trial to be inconsistent in their workings with an attainment of the ends which law is meant to serve. The revision is a delicate task, not to be undertaken by gross or adventurous hands, lest certainty and order be unduly sacrificed, yet a task also not to be shirked through timidity or sloth." (CARDOZO, J., in " The Growth of the Law," p. 120.)

Motion to punish for contempt granted, and judgment debtor is fined the sum of two hundred and fifty dollars, to be applied on account of the judgment, together with thirty dollars costs, to be paid in monthly installments of twenty-five dollars each, the first installment to be paid within five days after entry and service of order hereon. Commitment to issue on failure of compliance.