In the Matter of PAUL F. FOSTER, Appellant, *v.* JOHN A. HASTINGS, Respondent.

(Argued November 22, 1933; decided January 16, 1934.)

*Eli S. Silberfeld* and *Milton P. Kupfer* for appellant. The Supreme Court has inherent power, under the statute, to punish a judgment debtor for disobeying its mandate by deliberately giving false testimony. (Cons. Laws, ch. 30, § 753; *People ex rel. Platt* v. *Rice,* 144 N. Y.

249; Civ. Prac. Act, § 800; *Feinberg* v. *Kutcosky*, 147 App. Div. 393; *Howe* v. *Welch*, 11 Civ. Proc. Rep. 444; *Lathrop* v. *Clapp*, 40 N. Y. 328; *Jackson* v. *Murray*, 25 App. Div. 140; *Matter of Black*, 138 App. Div. 562; *Fenner* v. *Sanborn*, 37 Barb. 610; *Matter of Becker* v. *Gerlich*, 72 Misc. Rep. 157; *Matter of Hansen* v. *Hechheimer*, 124 Misc. Rep. 509; *Zwerdling* v. *Hamman Building Corp.*, 145 Misc. Rep. 471; *People* v. *Ales*, 247 N. Y. 351; *People* v. *Carlson*, 222 App. Div. 54; *Ferguson* v. *Perk*, 138 Misc. Rep. 326.)

*David H. Lehman* for respondent. Contempt proceedings must be based upon a violation of a clear and precise mandate of the court. (*Lathrop* v. *Clapp*, 40 N. Y. 328; *Gernhardt* v. *Boland*, 211 N. Y. Supp. 879; *Bernheimer* v. *Kelleher*, 31 Misc. Rep. 464; *Matter of Silberman Dairy Co.* v. *Econopouly*, 177 App. Div. 97; *Moynihan* v. *Devaney*, 90 Misc. Rep. 346; *Baum* v. *Rosenberg*, 155 N. Y. Supp. 404; *Matter of Shorowitz* v. *Canimez*, 152 App. Div. 758; *Matter of Manzelle* v. *Ryan*, 73 App. Div. 137; *Fromme* v. *Gray*, 148 N. Y. 695.)

POUND, Ch. J. The Appellate Division, in granting leave to appeal to this court, certified the following questions of law:

" I. Did the court at Special Term err in denying, as a matter of law, the motion of the judgment-creditor herein?

" II. Where the judgment-debtor in this proceeding has been directed, by an order of a justice of the Supreme Court, ' to appear and make discovery on oath concerning his property ' in supplementary proceedings, and it be found as a fact that the judgment-debtor, upon the examination directed by said order, deliberately gave false answers concerning his sources of income, and thereby impedes and defeats the rights of the judgment-creditor, is the judgment-debtor punishable for a civil contempt of court under the provisions of section 753 of the Judiciary Law and section 800 of the Civil Practice Act? "

A court of record has power to punish as for a civil contempt misconduct by which a right or remedy of a party to a civil action or special proceeding may be defeated, impaired, impeded or prejudiced, in any case where a person subpœnaed as a witness refuses or neglects to answer as a witness (Judiciary Law, § 753, subd. 5; Cons. Laws, ch. 30) or, in supplementary proceedings, neglects to obey the order of a judge or referee (Civ. Prac. Act, § 800) and otherwise as provided in such sections.

Senator Hastings, the respondent, on examination pursuant to the order of Hon. EDWARD J. BYRNE, justice of the Supreme Court, having been duly sworn, testified that, apart from his employment with the advertising firm of B. G. Collier and his salary as State Senator, he had no other income. It appeared that this answer was false; that at the time of the examination, and for seven months after the examination, he had been receiving a salary from Terminal Cab Corporation, first of $18,000 and later of $10,000 a year. This fact was brought out in the course of hearings before a Joint Legislative Committee to investigate the affairs of the city of New York and seemingly admits of no doubt. It may be assumed that his purpose in testifying falsely was to avert garnishment of his salary and to impair and impede the rights and remedies of the judgment creditor.

When the judgment debtor appears and submits to an examination and there is no evidence tending to show his disobedience to any order or direction of the court, a conviction for contempt cannot be upheld under the provisions of Judiciary Law, section 753, or Civil Practice Act, section 800, even though he swears falsely on such examination. (*Fromme* v. *Gray*, 148 N. Y. 695.) This rule has been consistently followed by the lower courts (*Matter of Silberman Dairy Co.* v. *Econopouly*, 177 App. Div. 97), and may be regarded as the established law of this State. While the exact question here presented has not been passed upon by this court, it would

be a strained construction of the statutes defining civil contempts to include therein perjury on the part of a judgment debtor on the ground that false swearing is not to be distinguished from a refusal to testify. On the bare issue of perjury, the judgment debtor is entitled to a trial by jury under the safeguards of the criminal law. Generally speaking, false swearing does not constitute a civil contempt. No statute so provides, expressly or by reasonable implication.

When the witness refuses to answer or when it plainly appears that the witness denies knowledge or recollection of a fact, obviously to evade an answer as to matters within his recollection, the court may refuse to aid in a mere subterfuge and may compel an answer, but " this power must not be used to punish perjury." (HAND, J., in *United States* v. *Appel*, 211 Fed. Rep. 495.)

Nothing on the face of the judgment debtor's evidence indicated that it was false. Nothing suggests that it was not a *bona fide* effort to answer the questions. No exception to the general rule can be relied on.

Decisions of other States, sustaining the right to punish for contempt, are of little value here where such right has been limited by statute. (*Matter of Fellerman*, 149 Fed. Rep. 244, 248.)

It is urged as an argument for upholding contempt proceedings that if Hastings cannot be punished for contempt he has taken an immunity bath by testifying in the supplementary proceeding and that he cannot be punished for perjury (Civ. Prac. Act, § 791) because " an answer cannot be used as evidence against the person so answering in a criminal action or criminal proceeding." Questions which call for answers which tend to convict the judgment debtor of a fraud may be answered by him with impunity, but perjury committed on such examination cannot be indulged in with freedom from criminal liability. Such perjury is a crime and it would be a droll conclusion to reach that the mere fact of testifying per-

mitted false swearing to be indulged in without fear of prosecution. It is the truthful answer which confers the statutory immunity.

The order should be affirmed, with costs, and the questions certified answered in the negative.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed, etc.