BURR CHEVROLET, INC., Plaintiff, *v.* LAVERNE DEFOREST, Defendant.

Supreme Court, Otsego County, September 28, 1934.

*Joseph P. Leary,* for the plaintiff.

*Herbert C. Kibbe,* for the defendant.

McNAUGHT, J. An order to examine the judgment debtor in supplementary proceedings was issued, signed by Mr. Justice HEATH and directing the judgment debtor be examined before William H. Phelps, referee, at his office in the village of Sidney, on the 16th day of August, 1934. On the return day the judgment creditor appeared by counsel and the defendant was present and examined. The moving papers set forth in substance that at the close of the testimony the proceedings were adjourned to September 11, 1934; that the judgment creditor, relying upon the testimony

given by the judgment debtor, accepted an offer to pay the judgment and costs in monthly installments of twenty dollars; that thereafter, on the same day, it was ascertained by the judgment creditor that the judgment debtor owned other personal property than had been disclosed on the examination, and that by reason of his concealing and willfully evading questions upon the examination, the judgment debtor defeated, impaired, impeded and prejudiced the remedies of the judgment creditor; that thereafter the judgment debtor was requested to sign the testimony which had been taken by a stenographer, and refused to do so. The refusal to sign is not controverted, but the judgment debtor denies that he said it was two-thirds lies and that he could pay the judgment at once, and said he would not sign it. The judgment debtor states that he said that there were some errors in the testimony, and that he declined to sign it because the matter had been adjusted. On the moving papers an order to show cause returnable at the Otsego Special Term, September 22, 1934, was signed by Mr. Justice PERSONIUS.

Counsel for the judgment debtor raises some technical objections to this proceeding, one to the effect that the moving papers are entitled in Delaware County Court. This is clearly a mere clerical error and in no way affects the merits of the proceedings. It is also contended that Mr. Justice HEATH having made the original order, there is no authority for another justice to punish for contempt for a violation of such order. Objection is also interposed to the effect that Mr. Justice PERSONIUS directed short time service of the show cause order without setting forth reasons therefor in the order and that no reason for such service is shown by the affidavits. A justice granting an order to show cause has authority to specify the time within which it may be served.

The contention of counsel for judgment debtor that proceedings relative to punishment for contempt in supplementary proceedings is to the effect that such proceedings are governed by section 757 of the Judiciary Law, and that such section when construed in connection with section 800 of the Civil Practice Act, indicates that the show cause order must be returnable before the judge granting it, and that there is no power to refer the matter to another justice, or to the judge of another court. Section 800 of the Civil Practice Act, providing for punishment in disobeying an order to appear in supplementary proceedings, sets forth that the same may be punished by the judge of, or by the court out of which the execution was issued, or by the county judge of the county to which the execution was issued. The proceeding before Mr. Justice PERSONIUS in this particular instance was the application for the order

directing the defendant to show cause why he should not be punished for contempt. It was a motion. An application for an order is a motion. (Civ. Prac. Act, § 113.)

Rule 67 of the Rules of Civil Practice provides that if a notice of motion be given, or an order to show cause be returnable before a judge who, at the time fixed for the motion, is or will be absent or unable for any other cause to hear it, such motion may be transferred by his order to another judge before whom it might have been made.

Section 801 of the Civil Practice Act provides that in a special proceeding instituted under the article relating to supplementary proceedings, the judge before whom it is continued is deemed to be the judge to whom the order or warrant is returnable for the purpose of any provision of the article.

We are, therefore, of the opinion that the objections are without substantial merit, and the same are overruled.

A more serious question is presented on the application to punish the judgment debtor for contempt. The transcript of the testimony given by the judgment debtor would indicate that he was somewhat evasive, inclined to be flippant in his answers, and a more or less reluctant witness. The answers to some of the questions which it is claimed constituted the contempt did not relate to matters necessarily within his knowledge, and some of them were immaterial. The record fails to disclose that any objection was made to any of the answers given by the judgment debtor, nor was any request made to the referee to instruct him to answer the same more fully and specifically. Although the supplementary proceedings before the referee were adjourned to a definite date, the moving papers fail to disclose that there was any request for a further examination of the judgment debtor, when inquiry could have been made concerning the matters which it is claimed were subsequently discovered.

It is our opinion that an order adjudging the judgment debtor in contempt could not be sustained. He did not fail to obey the order for his examination. He appeared and submitted to such examination. He did not refuse to answer any question. No direction was sought from the referee or from any judge directing the judgment debtor to do anything which he had refused to do. The moving papers fail to disclose that the judgment creditor was in any manner impeded or prejudiced by any answer made because he discovered, as he contends, the facts. If the judgment debtor had an interest in property, even though it had not been disclosed on the examination, the judgment creditor was in a position to at once proceed to reissue an execution and levy. The judgment

debtor complied with the order by appearing and submitting to an examination. There is no evidence tending to show his disobedience of any order or direction of the court.

The fact, if it be a fact, that the judgment debtor did not truthfully answer some of the questions asked of him, will not justify his conviction of contempt. (*Matter of Silberman Dairy Co.* v. *Econopouly*, 177 App. Div. 97, 99.)

A judgment creditor should in some manner indicate his dissatisfaction with answers given by a judgment debtor and attempt to obtain more specific statements before resorting to the drastic remedy of a proceeding to punish for contempt. (*Matter of Shorwitz* v. *Caminez*, 152 App. Div. 758.)

" When the judgment debtor appears and submits to an examination and there is no evidence tending to show his disobedience to any order or direction of the court, a conviction for contempt cannot be upheld under the provisions of Judiciary Law, section 753, or Civil Practice Act, section 800, even though he swears falsely on such examination." (*Matter of Foster* v. *Hastings*, 263 N. Y. 311, 313.)

Other authorities which lay down in substance the same principles as those set forth in the cases cited *supra*, are *People ex rel. Falk* v. *Sheriff of N. Y. County* (258 N. Y. 437); *Ziegfeld* v. *Norworth* (148 App. Div. 185); *Hurwitz* v. *Bernstein* (156 id. 913); *Pollack* v. *Resnick* (233 id. 858); *Schumer* v. *Nadler* (145 Misc. 802); *Grief* v. *Masch* (147 id. 756).

The motion to punish the judgment debtor for his alleged contempt and misconduct is denied, with ten dollars costs.

Submit order accordingly.