MACMAY REALTY CORPORATION, Plaintiff, *v.* MORRIS KATZ, Defendant.

City Court of New York, Special Term, Bronx County, November 16, 1939.

*Sidney Goldfinger,* for the motion.

*Joseph E. Greenberg,* opposed.

DONNELLY, J.  On the argument of this motion, no affidavit was submitted by or on behalf of the judgment debtor.  Instead, his attorney submits a memorandum in which it is conceded that the testimony first given by the judgment debtor was false, the excuse offered being that the judgment debtor when he gave the false testimony did not understand the significance of his answers, but was finally persuaded by his attorney to make a full and complete disclosure and, at a subsequent hearing, he accordingly " corrected " his untruthful testimony.

The false testimony by the judgment debtor as to his lack of employment was prejudicial to the rights of the judgment creditor. The judgment creditor was entitled to the truth.  Had it known the judgment debtor was employed at the time he testified he was not, it could have invoked the appropriate statutory remedies in an effort to satisfy its judgment.

Section 788 of the Civil Practice Act (Laws of 1935, chap. 630) was enacted to provide a simple and summary remedy against judgment debtors for false swearing in supplementary proceedings. Prior to the enactment of the statute, it had been held in a number of cases that perjury in supplementary proceedings did not constitute contempt, although it was decided in *Ferguson* v. *Perk & Jenkins* (244 N. Y. Supp. 667), about five years before section 788 of the Civil Practice Act went into effect, that a willful and admitted perjury which was shown to have prejudiced the rights of the judgment creditor, was punishable as a contempt.

The instance at bar is one which makes it the duty of this court to effectuate the intention of the Legislature in enacting section 788; accordingly, the motion is granted and the judgment debtor is fined the amount of the judgment herein, namely, eighty dollars, payable five dollars weekly at the office of the attorney for the judgment creditor commencing November 27, 1939; said fine when paid to be applied in satisfaction of said judgment; default in payment, commitment to issue. Submit order.