In the Matter of GEL-LAP ASSOCIATES, INC., Judgment Creditor, v. NEW YORK BOARDING & SALES STABLES, INC., Judgment Debtor.

City Court of New York, Special Term, Bronx County, February 17, 1943.

*Solomon Ginsberg* for judgment creditor.

*Bernhard Steinman* for judgment debtor.

Evans, J. The witness sought to be punished for false swearing was examined in supplementary proceedings as an officer of the corporate debtor. He was examined on October 16, 23, and 30, 1942. On the last date the creditor was ready to close the examination, but the debtor refused to sign the examination and swear to it. He had already taken an oath to tell the truth at the commencement of the examination. His ground for refusing to swear to and sign the examination was that he wanted to make changes to some answers he had given on prior examinations. He was given the opportunity to make the desired corrections. But he still refused to sign and swear to his examination until he could get a lawyer to read over what he had testified to. He appeared again on November 5, 1942, with a lawyer and made additional changes in his answers. That necessitated a further examination and finally, on November 13, 1942, the examination was concluded, and the witness signed and swore to the examination. The testimony as corrected is substantially true. But as originally given some of the answers were not true. No damage resulted to the creditor from the false answers, except that because of them its attorney was obliged to do more work. If he had told the truth originally the creditor's attorney would not have been put to the trouble of two further appearances and examinations.

It is contended that, if this were a prosecution for perjury, the correction of the false testimony before submission of the proceeding would absolve the crime. But section 788, Civil Practice Act, if similarly construed, would not prevent the evil it was aimed at. A debtor could then flagrantly give false testimony, mislead the creditor, and then, upon the last examination, after he had accomplished the defeating or impairing of the creditor's remedies could make the proper correction of his testimony and not be subject to any contempt. I think section 788, Civil Practice Act, was designed to give the court the power to treat perjury at any stage of the examination as a contempt, and thus to eliminate or at least minimize false swearing in supplementary proceedings. There is some authority for this view. (*Rosen* v. *Wittenberg,* 170 Misc. 417; *Macmay Realty Corp.* v. *Katz,* 172 Misc. 553.) Taking into consideration the fact that the witness corrected his testimony before finally swearing to it, and that no damage resulted to the creditor, he is fined twenty-five dollars for false swearing

and twenty-five dollars attorney's fees to compensate the creditor for the last two appearances, together with ten dollars costs of the motion. Submit order and memorandum as to how the payments should be made.